## SIBLEY v. SOUTHLAND LIFE INS. CO.
### No. 5340.

Supreme Court of Texas.
Feb. 18, 1931.

I. M. Williams, of Dallas, for plaintiff in error.

Seay, Seay, Malone & Lipscomb, of Dallas, for defendant in error.

HARVEY, C.

This is an action for deceit founded upon a false representation and a false promise made by the plaintiff in error S. W. Sibley and the Kean Lumber Company to the defendant in error, the Southland Life Insurance Company, in a land transaction. The insurance company recovered judgment for damages against both defendants. Sibley alone appealed, and the judgment was affirmed by the Court of Civil Appeals. 11 S.W.(2d) 250.

In its petition, the insurance company alleges, and the proof shows, that Sibley engaged one J. C. Ellis, a joint broker for all the parties, to negotiate a trade of twenty-two houses and lots in San Jacinto Lawn, an addition to the city of Dallas, for certain lands belonging to the insurance company. Title to the San Jacinto Lawn property was vested in the Kean Lumber Company, a corporation, in which Sibley was heavily interested. The property was incumbered by liens securing various notes, aggregating $96,800, upon some of which Sibley was primarily liable as maker. It was falsely represented by Sibley and the lumber company that each of the twenty-two lots was improved with a brick veneer dwelling house. The construction work on some of these houses was incomplete at the time, but Sibley, as well as the lumber company, promised that all said work would be completed after the trade was effected. This promise was found by the jury to be false. Said representation and promise were communicated by Ellis to the insurance company, and were inducing causes of the latter company making the trade. Pursuant to said representation, Sibley and the lumber company caused twenty-two brick veneer houses to

be pointed out to the insurance company, as being the ones offered for trade. Among the ones so pointed out was a brick veneer house on lot No. 6. It was represented that said improved lot was lot No. 7 which was in fact a vacant lot. A written contract was made between the lumber company and the insurance company, and the trade was subsequently concluded by the passage of deeds between the insurance company and the lumber company. In acquiring lot No. 7, the vacant lot, the insurance company relied on the representation that it was improved as stated and the representation that lot 6 was lot No. 7. The difference between the value of lot No. 6 and of lot No. 7 was $1,850. The uncompleted houses on the other lots were not completed by the lumber company or Sibley in accordance with their respective promises, and the insurance company subsequently completed said houses at a cost of $1,866.06. The amount of damages awarded by the trial court's judgment is made up of said sum of $1,866.06 (less admitted credits) and said sum of $1,850.

As has been said, this action is purely one for 'deceit. The measure of damage applicable to the case is the chief subject of inquiry presented in this appeal. Article 4004 of the statutes, which was originally passed in the year 1919, provides in part as follows:

"Actionable fraud in this State with regard to transactions in real estate or in stock in corporations or joint stock companies shall consist of either a false representation of a past or existing material fact, or false promise to do some act in the future which is made as a material inducement to another party to enter into a contract and but for which promise said party would not have entered into said contract. * * * All persons guilty of such fraud shall be liable to the person defrauded for all actual damages suffered, the rule of damages being the difference between the value of the property as represented or as it would have been worth had the promise been fulfilled, and the actual value of the property in the condition it is delivered at the time of the contract. * * * "

■ Although some of the provisions contained in the above article of the statutes have been held to be invalid (Clem v. Evans [Tex. Com. App.] 291 S. W. 871, 51 A. L. R. 1135), the above-quoted provisions are valid. Prideaux v. Roark (Tex. Com. App.) 291 S. W. 868. The rule here provided for measuring the damages in actions for deceit, involving real estate transactions, is applicable to the present case. The rule announced in the year 1906, in the case of George v. Hesse, 100 Tex. 44, 93 S. W. 107, 8 L. R. A. (N. S.) 804, 123 Am. St. Rep. 772, 15 Ann. Cas. 456, and followed in Booth v. Coward (Tex. Com. App.) 265 S. W. 1026, has been supplemented, if not

superseded, by the above statutory rule. The averments of the petition of the insurance company, the evidence, and the fact findings of the jury supply means for measuring the damages resulting from the false representation to the effect that each of the twenty-two lots had a brick dwelling house on it. The evidence and the averments of the petition show, and the jury found, that, as to one of these twenty-two lots, said representation was false. This lot was lot No. 7, which was in fact vacant; but lot No. 6, an improved lot, was represented to be lot No. 7. The value of this vacant lot and the value of said improved lot were alleged in the petition and shown by evidence; and were found by the jury in answer to special issues on the subject. The amount of damages recovered by the insurance company on account of said false representation equals the difference between these two values, as found by the jury. In this respect a proper measure of damage was applied. But with respect to the false promise concerning the uncompleted work on the other dwelling houses a different situation is presented. Neither the value of these properties in the condition they were at the time, nor what they would have been worth had said promise been fulfilled, is alleged or proved. Nor did the jury make any fact finding in that respect. The cost of completing the work, for which the trial court gave judgment, is a circumstance which might have some bearing in determining the amount of damages recoverable under the statute, but it does not, of itself, constitute an independent item of damage. Since the pleading and proof fail to show the amount of damages, if any, that the insurance company is entitled to recover on account of the false promise, the trial court erred in awarding a recovery in that respect.

■ Sibley contends that his promise regarding the completion of the buildings carries but secondary liability to answer for the default of the lumber company in the respect mentioned, and, being oral, is not enforceable. Considered in a contractual aspect, his promise would probably be subject to the rule invoked. But, as has already been shown, the cause of action growing out of such promise, which the insurance company asserts herein, is grounded in tort and not in contract. Responsibility for the tort committed is not affected by the fact that the false promise was made orally.

It is further contended that the fact issue of a false promise by Sibley, and other issues collateral to that issue, are not raised by the evidence. We have made no examination as to this, since the evidence may not be the same at another trial.

Because of the error pointed out, the judgment of the trial court should be reversed, and the cause remanded.

CURETON, C. J.

The foregoing opinion is adopted as the opinion of the Supreme Court, and judgment will be entered in accordance therewith.