## VAN SICKLE et ux. v. ROBERSON et ux.
### No. 9220.

Court of Civil Appeals of Texas. San Antonio.

Jan. 10, 1934.

Rehearing Denied Feb. 28, 1934.

J. F. Carl and Neal A. Brown, both of Edinburg, for plaintiffs in error.

F. W. Moran, of La Feria, and H. E. Wassell, of Wink, for defendants in error.

FLY, Chief Justice.

This is a suit instituted by A. Roberson and wife, Sadie Roberson, defendants in error, against T. C. Van Sickle and wife, Lillian Van Sickle, plaintiffs in error, for rescission of an exchange of properties between the parties; that of the Van Sickles being hotel property in the town of Wink, Winkler county, Tex., and that of defendants in error being twenty acres of irrigable land near Mercedes, in Hidalgo county. In the alternative defendants in error sought to recover damages incurred by them by reason of the exchange of properties. It was alleged that T. C. Van Sickle went to Hidalgo county, and after a thorough inspection of the property of defendants in error offered to exchange his property in the town of Wink for that in Hidalgo county. He gave a rather glowing account of the hotel property, and A. Roberson, without seeing the property, but relying on the representations of Van Sickle, made the exchange and sent his wife and children on ahead of him to Wink to take possession of the hotel property. The wife at once wrote her husband as to the class and condition of the property, stating that enough income from it could not be obtained to pay for the utilities necessary to conduct the hotel. Plaintiffs in error pleaded general denial and filed a cross-action for damages against defendants in error for false representation of the Hidalgo county property.

The cause was submitted on ten special issues to a jury, and on the answers thereto a judgment was rendered denying rescission of the contract of exchange and allowing the sum of $6,000 for damages to defendants in error. The jury answered that defendants in error were induced to enter into the contract of exchange of properties by false and fraudulent representations concerning the Wink property, made by plaintiff in error T. C. Van Sickle; that the reasonable market value of the St. Francis Hotel property at Wink, including furniture, fixtures, and equipment, in March, 1931, if said property had been as represented to defendants in error by plaintiff in error T. C. Van Sickle, would have been the sum of $6,750; that the actual market value of the St. Francis Hotel property, including all furniture, fixtures, and equipment at the time of the exchange of properties, in March, 1931, was the sum of $750; that plaintiffs in error were not induced to enter into the contract of exchange of properties by false and fraudulent representations concerning the Hidal-

go county land made by defendant in error A. Roberson; that plaintiffs in error were not induced to enter into the contract of exchange of properties by false and fraudulent representations made by R. J. Thomas, real estate broker of La Feria; that the actual market value of Roberson's Hidalgo county land, less the incumbrance, including the personal property at the time of the exchange of properties in March, 1931, was the sum of $140 per acre; that defendant in error A. Roberson prior to the trade did not undertake an independent investigation on his own behalf with reference to the value and income of the St. Francis Hotel at Wink, Tex.

The first proposition assails the measure of damages given in charge by the judge to the jury. That measure of damages is given by the Legislature of Texas in article 4004, Rev. Civ. Stat. of 1925, and has been upheld by the Supreme Court as well as Courts of Civil Appeals. Sibley v. Southland Life Ins. Co. (Tex. Com. App. adopted by Sup. Ct.) 36 S.W.(2d) 145; Reed v. Hester (Tex. Com. App.) 44 S.W.(2d) 1107; Sackville v. Garrett (Tex. Civ. App.) 53 S.W.(2d) 104. The writer of this opinion has always felt that the rule in question was violative and destructive of the rights of property in a way that should be condemned in every court of the country, and the injustice of it was never more clearly verified and exemplified than in the present case. The jury found that the property in Hidalgo county was worth $2,800, that the property in Winkler county was worth $750, and it is clear to any mind that is not controlled by the statutory rule that the measure of damages should be the difference between the value of the land in Hidalgo county and that in Winkler county, which would amount to $2,050, as evidenced by the facts, and yet under the rule provided for in the statute and given by the court to the jury a judgment for $6,000 was rendered in favor of the defendants in error. They not only got the full value of their land, but a bonus of over $3,000 for entering into the trade they did. The transaction is monstrous on its face, although sustained by the statutory law of Texas and approved by the court of last resort.

The second proposition assails the verdict on the ground that Roberson made an independent investigation as to the value of the property in Wink, and that if any false representations had been made by plaintiff in error Roberson could not take advantage of such false representations because he had made his own investigation of the property and its value. The evidence discloses that Thomas, who seemed to be acting as a go-between for the parties, had been told by Van Sickle that he could obtain information in regard to the property by telegraphing to several persons, among the number being W. K. Wilson, a county commissioner of Winkler county. Roberson telegraphed to Wilson and received a reply to this effect: "Van Sickle hotel value about $4500.00 or $5000.00, $400.00 or $500.00 per month, very popular place." If, as claimed by plaintiff in error, Thomas was the agent of defendant in error, Van Sickle suggested to him to telegraph to Wilson and others as to the hotel property, and Wilson to all intents and purposes was selected by Van Sickle to corroborate him and therefore became responsible for his representations; to all intents and purposes Van Sickle spoke through Wilson and there was no independent investigation attempted or accomplished by Roberson, and the jury was correct in so finding. The report by Wilson did not, as contended by Van Sickle, show that the property was of less value than as respresented by Van Sickle. Roberson's testimony showed that he had been led to believe that the hotel property would give him interest on $12,000, according to Wilson's report that the hotel was making $400 or $500 per month, which would be from $4,800 to $6,000 per year, either of which sums would be fine interest on $12,000.

There was not sufficient evidence of conspiracy between Wilson and Van Sickle to justify an issue on that point being presented to the jury. It may be noted, however, that the jury did not pass upon that issue because they had, prior to reaching it, found that Roberson had made no investigation as to the value of the Wink property, but had relied upon the representations of Van Sickle. The jury evidently considered Wilson as speaking in the name of and for Van Sickle, although there was no evidence of a conspiracy having been formed between them. They might readily have concluded that as Van Sickle and Wilson resided in a small town that they were well acquainted, and that Wilson would do anything he could to assist his neighbor in trading off the hotel property, and, conspiracy or no conspiracy, he responded nobly to help his friend and neighbor. We find no evidence in the record that the unanswered issue in any way influenced the finding of the jury in response to the other issues.

The sixth proposition complains of the joint judgment against Van Sickle and wife,

stating that it is fundamental error to render a judgment against the wife in a case where her husband had perpetrated a fraud in which she joined. It is claimed that being fundamental error, this court should consider it although it was never mentioned in the lower court and the judgment against the wife went unchallenged there. In order to ascertain certain facts upon which nonliability of the married woman is claimed by plaintiff in error, a search of a statement of facts containing over 400 pages would be necessary, unless this court could hold, as a matter of law, that no judgment could be rendered against the wife jointly with her husband. No such proposition of law could be upheld because there are circumstances under which joint judgments against husband and wife would be upheld. It may be stated in this connection that it has not been fully disclosed whether the property in Wink was community or separate property of the wife, although the deed to the property in Hidalgo county was executed by the Robersons to Mrs. Van Sickle, individually, and she received the benefit of a vendor's lien note which was made to her and by her assigned to another. The sixth proposition is therefore overruled.

We have considered all the other propositions which bear only upon questions which have been adversely decided to plaintiffs in error, and the judgment will be affirmed.