### CAMPBELL v. FAIR et al.
### No. 4722.

Court of Civil Appeals of Texas. Texarkana.

May 2. 1935.

Dwight Whitwell, of McKinney, for appellant.

Butler & Price, of Tyler, for appellees.

SELLERS, Justice.

In so far as this appeal is concerned, this is a suit by P. L. Campbell against R. W. Fair, W. D. Henson, A. F. Watkins, and Texas Pecan Nursery to cancel three contracts for the sale of land, and to recover the sum of $5,346 with interest, which the plaintiff paid defendants as a part of the consideration for the land contracted for. Under the terms of the contracts, the plaintiff, P. L. Campbell, purchased certain lands from defendants, some of which had been planted in papershell pecan trees, and under the terms of the agreement defendants were to plant the other lands in pecan and peach trees, and defendants were to care for said trees for seven years. The plaintiff was bound by the agreement to pay a certain part of the consideration of the purchase of the land at the time the contracts were executed, and was to pay the balance in monthly installments; the above amount being the cash payment and the installments paid by plaintiff before the filing of this suit. It was also agreed that defendants were to make the plaintiff a deed to the land when one-half the purchase price of the land was paid if he should demand it, and would furnish him an abstract showing a good title to the land, and defendants were to take and retain vendor's lien notes for the balance due on the purchase price of the land.

Plaintiff alleged that the defendants had breached the contracts, in that they had failed to properly cultivate the land and

trees according to the agreement, and that it was impossible for defendants to comply with their contracts to convey the land, since they had leased the lands involved for oil and gas purposes, and thereby had parted with an interest in the land which they had agreed to convey to plaintiff.

It is further alleged: "Plaintiff alleges, further, that all of said payments made by him to defendants were made by him under a mistake of fact in that he was led to believe and did believe that he was bound to make said payments under the terms of valid, legal and binding contracts of purchase, and that defendants were bound by valid, legal and enforceable contracts of sale to convey to plaintiff by warranty deed the land purchased by him when in truth and fact said contracts are and were absolutely unenforceable by either party, said contracts being in direct violation of the statute of frauds in that the land attempted to be contracted for in said contracts is not described with sufficient certainty to enable this plaintiff or any one else to ascertain the location of said lands."

The defendants answered by general demurrer, certain special exceptions, general denial, and specially answered that they had complied in all particulars with the contracts and stood willing and ready to make plaintiff a deed to the land when he complied with his part of the contracts, and defendants tendered to plaintiff an amended contract which correctly described the lands involved.

The case was submitted to the court without a jury, and the court in its judgment found for the defendants and denied plaintiff a recovery. From this judgment the plaintiff has duly prosecuted this appeal.

Appellant contends on this appeal that the contracts are void because they are within the statute of frauds, in that the land to be conveyed is not sufficiently described in the contracts, and that since the contracts are void he is entitled to have the same canceled and recover of appellees the amount paid by him on the purchase price of the land.

We are unable to sustain either of the above propositions. By an unbroken line of decisions in this state it is held that a contract which is within the statute of frauds is not void, but is merely voidable at the option of the party sought to be charged therewith. Graham v. Kesseler (Tex. Civ. App.) 192 S. W. 299; Matthew-

son v. Fluhman (Tex. Com. App.) 41 S. W.(2d) 204; George v. Williamson (Tex. Com. App.) 23 S.W.(2d) 675; Crutchfield v. Donathon, 49 Tex. 691, 30 Am. Rep. 112; Hamilton v. Glassell (C. C. A.) 57 F.(2d) 1032. Conceding, then, that the description of the land in the contracts is so defective as to bring such contracts within the statute of frauds, such contracts would still not be void.

The court made the following findings of fact:

"Upon the trial of this case the defendants tendered to plaintiff an amended or corrected contract and obligation specifically describing each and all of the tracts by metes and bounds and particular description, which he declined to accept.

"It was agreed in open court on the trial that defendants had complied in all respects with the terms and provisions of their contracts with plaintiff and they stood ready, willing and able to perform same in the future. Plaintiff had paid part of the purchase price on the contracts, but having concluded they were not binding on him because they did not comply with the statute of frauds as to the description of the land, he had declined to make further payments; had not demanded any deed. The defendants had not breached the contracts in any way nor threatened to do so, and did not seek in this suit to enforce them. Plaintiff read and was familiar with the contents of the contracts when he executed them, and no fraud nor mutual mistake existed in procuring them from him."

These findings are binding upon appellant, and his right to recover the consideration paid appellees for the land is dependent upon the law as applicable to such facts. The law applicable is well settled, and, in our opinion, denies appellant a right to recover. The universal rule seems to be that a vendee may not recover of a vendor money paid as a part of the consideration for land purchased under a contract which is within the statute of frauds, unless he shows a tender of compliance on his part with the contract and a refusal of compliance on the part of the vendor. Cammack v. Prather (Tex. Civ. App.) 74 S. W. 354; Bennett v. Giles (Tex. Civ. App.) 12 S.W.(2d) 843; 27 C. J. § 438, p. 360; 25 R. C. L. § 372, p. 725, and authorities therein cited. In the last-cited authority this language is found: "* * * and a court of equity

in such a case will not decree a rescission of the contract and permit the vendee to recover payments made if there has been no default on the part of the vendor and he is able and willing to convey."

Believing that the trial court rendered the proper judgment in this case, it is in all things affirmed.