### LORING et ux. v. PEACOCK et al.
### No. 15225.

Court of Civil Appeals of Texas.
Fort Worth.

Feb. 2, 1951.

Rehearing Denied March 9, 1951.

See also, Tex.Civ.App., 225 S.W.2d 206.

Eades & Eades and Warren Whitham, all of Dallas, for appellants.

G. H. Kelsoe, Jr., M. M. Priest and Jack Johannes, all of Dallas, for appellees, S. A. Peacock et ux.

Z. E. Coombes, of Dallas, for appellee, John Christmas.

CULVER, Justice.

The parties to this suit, on the 20th day of March, 1949, executed a written contract by the terms of which appellees agreed to sell, and appellants to purchase, a certain tract of land. John Christmas, as broker and agent for sellers, negotiated the sale and is also an appellee herein. Appellants sued appellees to recover the sum of $400 paid as part payment of the purchase price which was retained by the

Agent, Christmas, as a part of his commission. The case was submitted to the court below principally under an agreed statement of facts though some additional testimony was introduced upon the trial of the cause. After appellants were notified that appellees were ready to close the sale and deliver a good and marketable title, appellants declined and refused to accept a deed and to carry out the contract in accordance with the terms and provisions thereof. The appellees were at all times ready, willing and able to convey title and comply with the terms of said contract. Appellants claimed that they were entitled to recover the $400.00 for the reason that the contract was invalid and unenforcible as violative of the Statute of Frauds, Art. 3995, Vernon's Ann. Civ.St., in that the description of the real estate therein given is too vague, indefinite and unsatisfactory to comply with that Statute. Recovery was denied and judgment entered below that appellants take nothing.

Appellants present two points of error, first, that the court erred in failing to hold that the description of the realty sought to be conveyed was insufficient to locate the property without resorting to extrinsic and parol evidence and is therefore unenforcible under the Statute of Frauds. The description given in the contract is "1848 McMillan, City of Dallas, Lot 15, 2 ft. Lot 14, Block 1976–A." Appellants assert that the words "City of Dallas" do not locate the property as being in Dallas, Texas as there are other cities or towns by that name elsewhere in the United States and that the description "2 ft. lot 14" does not designate any certain portion of lot 14. This assignment is overruled. The contract is headed "The State of Texas, County of Dallas" and we think that heading, coupled with the description of the property, given in the contract is sufficient to show with reasonable certainty that the parties were contracting with reference to a parcel of real estate situated in the City of Dallas, County of Dallas, State of Texas. The description reciting, "No. 1848 McMillan," together with the lot and block numbers, sufficiently indicates the exact location of the property in Dallas. In so far as the phrase "Lot 15, 2 ft. Lot 14" is concerned, we can certainly infer from the universal platting practice that lot 14 adjoins lot 15. Common knowledge and understanding should lead to the inescapable conclusion, on the part of anyone at all familiar with real estate transactions, that such description means a strip 2 feet wide off of lot 14 on the side adjoining lot 15. Literally the phrase "2 ft. lot 14" would mean only a straight line extending 2 feet into lot 14. Reason would dictate that one seeking to buy a lot would not be purchasing a 2 foot strip in an adjoining lot unless the strip was contiguous to the lot purchased. In Wilson v. Fisher, 144 Tex. 53, 188 S.W.2d 150, 152, opinion by Folley, Commissioner, it is said, "In so far as the description of the property is concerned the writing must furnish within itself, * * * the means or data by which the particular land to be conveyed may be identified with reasonable certainty." In the same case the Court says: "The essential elements may never be supplied by parol. The details which merely explain or clarify the essential terms appearing in the instrument may ordinarily be shown by parol. But the parol must not constitute the framework or skeleton of the agreement. That must be contained in the writing." We believe that the "essential elements" are shown in this contract and that at least it contains "the framework or skeleton" of the agreement. It is not necessary nor customary in a contract of sale to describe real estate with the particularity and exactness generally used in a deed of conveyance but if the description in the contract enables one to identify and point out the premises or furnish the means of identification, that will be sufficient to satisfy the Statute. Krueger v. W. K. Ewing Co., Tex.Civ. App., 139 S.W.2d 836.

The second assignment complains of the action of the trial court in permitting appellee to testify that they owned no property in that locality other than the tract described in the contract. While not material to the decision in this case, this assignment is overruled. The stipulation

of fact submitted to the court without any reservation on the part of the appellants sets out that fact to be true, consequently no harm could be done by the admission of testimony by the court to that effect.

Even if we should be incorrect in our opinion that this description of the property in the contract is sufficient, nevertheless the appellants were not entitled to recover the money paid over in part payment. Appellees have not breached the contract in any way, but on the contrary were ready, able and willing at all times to comply. Appellants were familiar with the terms of the contract, readily executed it and do not claim fraud nor mutual mistake. The law seems to be well settled and, in our opinion, denies appellants any right of recovery of the partial payment. Campbell v. Fair, Tex.Civ.App., 82 S.W.2d 1038, Cammack v. Prather, Tex.Civ.App., 74 S.W. 354; Bennett v. Giles, Tex.Civ.App., 12 S.W.2d 843. The $400.00 was paid to the Agent, Christmas, and retained by him in accordance with the provisions of the contract which reads, "Should the purchaser fail to consummate this contract as specified for any reason, except title defects, seller shall have the right to retain said cash deposits as liquidated damages for the breach of this contract and shall pay to agent therefrom the sum of $400.00."

Judgment of the trial court is affirmed.