**W. Plowden VICK, Appellant,**

v.

**J. B. McPHERSON, Appellee.**

**No. 7171.**

Court of Civil Appeals of Texas.

Amarillo.

Sept. 17, 1962.

Rehearing Denied Oct. 22, 1962.

Sanders, Scott, Saunders, Brian & Humphrey, Amarillo, for appellant.

Nelson, McCleskey & Harriger, Lubbock, for appellee.

NORTHCUTT, Justice.

This is an action brought by plaintiff, W. Plowden Vick, for twenty-five hundred dollars ($2,500) had and received by defendant, J. B. McPherson, paid by the plaintiff in connection with the purchase and sale of an insurance agency owned by defendant. The case was tried to the court without a jury. It was the contention of defendant that there was an oral contract made and entered into between plaintiff and defendant whereby the plaintiff contracted and agreed to purchase said agency from the defendant. The defendant also filed a cross action seeking damages because of the failure of the plaintiff to complete the deal. It was the contention of the plaintiff there was to be no final agreement until a written contract was made and agreed upon. Judgment was entered by the trial court that the plaintiff take nothing as against the defendant and that the defendant take nothing as against the plaintiff by reason of such cross action. From that judgment the plaintiff perfected this appeal. Mr. Vick will hereafter be referred to as appellant and Mr. McPherson as appellee. The appellee did not appeal from the judgment denying him any recovery by his cross action. Appellant pre-

sents this appeal upon four points of error, contending the court erred in denying appellant judgment for monies paid to appellee in partial performance of the proposed contract which was never consummated; in permitting unjust enrichment of appellee since no enforcible contract existed between the parties and since appellee gave no consideration for the monies had and received; in allowing appellee to retain the monies paid since it was undisputed that the contract made no provision for retention of the deposit by the appellee as damages and in allowing appellee to retain the monies paid under the alleged oral contract which was within the statute of frauds and unenforcible.

Appellant testified if negotiations had led to a purchase of the agency, a Mr. Melton who first brought to his attention the agency could be purchased, would be a partner in the agency with a working interest and would be the managing partner of the agency. The appellee testified they had agreed upon the terms of the sale and that appellant said it was a deal and when appellant gave him the check he said, "Cash the check, it's a deal, it's yours." The check was deposited for collection and when the check was received by the paying bank, there was insufficient funds to pay the check. Appellant testified the check was given but was not to be cashed; but when the bank called the appellant about there being insufficient funds, he went to the bank and deposited sufficient funds for the check to be cashed and the check was paid.

The witness, Peterson, testified he was present when Melton and Vick said that they would take the agency on the basis that they had mapped it all out, and that within the next four or five days, Melton moved into the agency and set up office just like he owned the agency as though he had bought it. Melton then got in contact with the policy holders of the McPherson agency and told them that he and Vick had bought out the McPherson agency. All of this was done to acquaint Melton with the policy holders so as to retain the business and get renewals of the policies.

■ In determining whether there was an oral contract made and entered into, we must consider what was said and done between the parties. Since the trial judge was the one to pass upon all these matters, we must assume from his holding that he found the contract was made and entered into and that it was breached by the appellant and because he breached the contract, he was not entitled to any relief because of his own wrongs. The question as to whether or not the contract was made where the testimony is conflicting presents a fact issue and if it has been established, the construction of the contract is a law question. Maddox Motor Company v. Ford Motor Company, 23 S.W.2d 333 by the Com. of App. Hegar v. Tucker, Tex.Civ.App., 274 S.W.2d 752 R.N.R.E. and cases there cited.

■ We are familiar with a rule where the parties agree that a contract entered into by them orally shall be embodied in a formal writing and signed by them before a binding agreement is consummated that there is no binding contract until that has been done, but if they intend their agreement shall be effective from the time when it is made, it will be given effect from that time though they agree or intend that a formal writing embodying its provisions shall subsequently be prepared and signed. 10–A TJ Section 30, page 63 and the cases there cited.

■ When there was testimony that it was a deal and Melton took the step he did as to contacting policy holders for the purpose of renewing the policies and appellant making the payment of the twenty-five hundred dollars ($2,500) and the court holding appellant was not entitled to recover the twenty-five hundred dollars ($2,500), the court must have held the oral contract was entered into, and there was sufficient evidence to sustain such holding. Under this record, we are of the opinion that the

trial court was justified in finding that every material element of the contract with reference to the sale was mutually agreed to and nothing of any material nature was left to be agreed upon. Where parties to a contract presently assent to all essential terms of agreement and intend to be presently bound, mere reference in conjunction therewith to a subsequent written contract does not render the contract entered into unenforcible. However, here the appellee did not attempt to enforce the contract. Vise v. Foster, Tex.Civ.App., 247 S.W.2d 274 R.N.R.E.

■■ No findings of fact or conclusions of law were filed, and it is therefore our duty to uphold the judgment of the trial court, provided the implied findings which the judgment carries with it are supported by the evidence. We are of the opinion the holding and judgment entered justifies a holding that the trial court was of the opinion and so held that there was an oral contract made and entered into and that appellee was ready, willing, and able to carry out its terms but was breached by appellant. Fry v. Harkey et al, Tex.Civ.App., 141 S. W.2d 662, writ dismissed judgment correct.

■ We are of the opinion and so hold that the statute of fraud does not here apply. It is stated in Campbell v. Fair et al., 82 S.W.2d 1038 as follows:

" 'Plaintiff had paid part of the purchase price on the contracts, but having concluded they were not binding on him because they did not comply with the statute of frauds as to the description of the land, he had declined to make further payments; had not demanded any deed. The defendants had not breached the contracts in any way nor threatened to do so, and did not seek in this suit to enforce them. Plaintiff read and was familiar with the contents of the contracts when he executed them, and no fraud nor mutual mistake existed in procuring them from him.' "

"These findings are binding upon appellant, and his right to recover the consideration paid appellees for the land is dependent upon the law as applicable to such facts. The law applicable is well settled, and, in our opinion, denies appellant a right to recover. The universal rule seems to be that a vendee may not recover of a vendor money paid as a part of the consideration for land purchased under a contract which is within the statute of frauds, unless he shows a tender of compliance on his part with the contract and a refusal of compliance on the part of the vendor. Cammack v. Prather (Tex.Civ.App.) 74 S.W. 354; Bennett v. Giles (Tex.Civ.App.) 12 S.W.(2d) 843; 27 C.J. § 438, p. 360; 25 R.C.L. § 372, p. 725, and authorities therein cited. In the last-cited authority this language is found: ' * * * and a court of equity in such a case will not decree a rescission of the contract and permit the vendee to recover payments made if there has been no default on the part of the vendor and he is able and willing to convey.' "

See also Matthewson v. Fluhman, 41 S.W. 2d 204 by the Com. of App., where it is stated:

"As said by Chief Justice Cureton in Texas Co. v. Burkett, 117 Tex. 16, 296 S.W. 273, 279, 54 A.L.R. 1397: 'The general rule is that, where one party to an oral contract has in reliance thereon so far performed his part of the agreement that it would be perpetrating a fraud on him to allow the other party to repudiate the contract and set up the statute of frauds in justification thereof, equity will regard the case as being removed from the operation of the statute, and will enforce the contract.' "

We are of the opinion the trial court rendered the proper judgment in this case. The judgment of the trial court is affirmed.