Agnes Bell WADE, joined by her husband, Elmer C. Wade, Appellants,

v.

STATE NATIONAL BANK, Independent Executor and Trustee of the Estate of Nellye Bell Coles, Deceased, and Nellye Bell Sherrod, Appellees.

No. 5610.

Court of Civil Appeals of Texas.

El Paso.

May 13, 1964.

Rehearing Denied June 3, 1964.

Guinn & Guinn, A. L. Carlton, Al Truex, El Paso, for appellants.

Scott, Hulse, Marshall & Feuille, James S. Moore, J. F. Hulse, El Paso, for appellees.

PRESLAR, Justice.

This is an appeal by the plaintiff from a judgment granting the defendant's motion for summary judgment, and is brought on the single point that the trial court erred in granting such motion. We are of the opinion that the judgment should be affirmed.

Plaintiff sought damages in the amount of one million dollars against the State National Bank of El Paso, Independent Executor and Trustee of the Estate of Nellye Bell Coles, Deceased, and Nellye Bell Sherrod. The suit is one for fraud based on the failure of the late Nellye Bell Coles to leave all of her property by will to the plaintiff (appellant) pursuant to an agreement. Plaintiff alleged that her father, Frank M. Bell, who died in 1914, left a considerable estate which should have gone to her, but which was appropriated by Nellye Bell Coles, who also concealed the whereabouts and death of her father until 1934. Plaintiff produced a letter which she testified she received from Nellye Bell Coles in that year telling her that Mrs. Coles had put her father "away", and that she and her husband had forged papers and done other things, described at some length, in appropriating his estate to the extent that "we" own everything now. Plaintiff further alleges that in July of 1951 she approached Nellye Bell Coles and threatened to ascertain what had happened to her father and her father's estate, and that to avoid this, and in payment for past wrongs, Nellye Bell Coles agreed to leave everything, by will, to plaintiff, and that thereafter she executed and delivered to plaintiff two holographic wills dated July 6, 1951 and July 10, 1951, by which all her property, real and personal, was left to plaintiff. Thereafter, by codicil dated July 31, 1951,

Nellye Bell Coles revoked any prior holographic wills, and republished a will dated June 28, 1948. In a will contest involving the holographic wills of July 6 and 10, 1951, and the 1948 will and codicil, this court upheld the validity of the 1948 will as republished by the codicil of July 31, 1951. See Wade v. Sherrod, Tex.Civ.App., 342 S.W.2d 17, writ refused, N.R.E., in which both holographic instruments and the codicil are set out fully.

It is plaintiff-appellant's contention that the execution of the codicil was a violation of her agreement with Mrs. Coles on which she had relied to her detriment, and that same amounted to fraud. She seeks not specific performance, but damages for the fraud, the difference between what she received and what she would have received but for such fraud.

■■ As indicated, we are of the opinion that the trial court properly granted summary judgment for the defendants, for there were only questions of law involved, and the law is with the defendants. In that connection, appellant complains of the legal conclusions in the appellees' motion for summary judgment, and the fact that it is unsworn. She is correct that the affidavits relied on by one moving for summary judgment to establish facts cannot be in the form of legal conclusions, but the very purpose of the summary judgment rule (166–A, Texas Rules of Civil Procedure), makes it necessary for the movant to state the legal basis of his position. As stated by our Supreme Court in Gaines v. Hamman, 163 Tex. 618, 358 S.W.2d 557:

> "The record of a summary judgment proceedings then consists of the pleading *whose office it is to outline the claims and defenses of the respective parties,* the depositions and admissions on file and affidavits submitted either in support of or opposing the motion." (Emphasis ours.)

There is no requirement that the motion be a sworn pleading. While the rule providing for summary judgment has been characterized as a harsh one which should never be used to deprive a litigant of his day in court, it is also an invaluable procedure for disposing of untenable claims or defenses which would otherwise require many days in court.

■ In the case at bar, we think it is apparent that the alleged contract or agreement between appellant and Nellye Bell Coles was without consideration and that appellant could not have relied on it to her detriment. There was nothing to be gained by Nellye Bell Coles by entering into such an agreement, and there was no detriment to the appellant, for the statute of limitations had long since run on any claim appellant might have had against Nellye Bell Coles in 1951. At that time appellant had known since 1934, some seventeen years, of the alleged wrong-doings in depriving her of her father's estate. If we assume this is not sufficient reason for the trial court to grant the summary judgment, we are further of the opinion that such judgment was correct for the reason that the Statute of Frauds, Article 3995, disposes of appellant's claim as a matter of law. Article 3995 of the Revised Civil Statutes of the State of Texas provides, in part:

> "No action shall be brought in any court in any of the following cases, unless the promise or agreement upon which such action shall be brought, or some memorandum thereof, shall be in writing and signed by the party to be charged therewith or by some person by him thereunto lawfully authorized:
>
> "1. To charge any executor or administrator upon any promise to answer any debt or damage due from his testator or intestate, out of his own estate; or,
>
> "2. * * *
>
> "3. * * *
>
> "4. Upon any contract for the sale of real estate * * *.

"5.  Upon any agreement which is not to be performed within the space of one year from the making thereof * * *."

Appellees plead the statute as a defense and, by proper procedure, called upon appellant to produce the writings relied on, whereupon it was stipulated that the instruments so produced were the three instruments above referred to—the letter of 1934 and the two holographic wills.  None of such instruments contain any agreement for Nellye Bell Coles to leave her property to the appellant, so that the record before the court was that the alleged agreement was oral.  Real property was a part of the estate to be left, and it is well established that a contract to devise real estate must conform to the statute of frauds.  Henderson v. Davis, Tex.Civ.App., 191 S.W. 358; Hauser v. Zook, Tex.Civ.App., 278 S.W. 518; Barrow v. Webb, Tex.Civ.App., 208 S.W.2d 157; Johnson v. Black, Tex.Civ. App., 197 S.W.2d 523 (n. r. e.); Harrell v. Walsh, Tex.Civ.App., 249 S.W.2d 927 (n. r. e.).  Also, where the contract involves both real and personal property, it is not divisible and enforceable as to either.  Mueller v. Banks, Tex.Civ.App., 300 S.W.2d 762, n. r. e.  Thus, as a matter of law, the contract relied on by appellant is unenforceable.  We fail to see how there could be any recovery for fraud involving the breach of an unenforceable contract.  To hold otherwise would be to create an anomoly, and allow one to do indirectly what he could not by law do directly.

The judgment of the trial court is affirmed.

CLAYTON, J., not sitting.