**T. L. HASTINGS, dba Hastings Trucking, Appellant,**

v.

**HOUSTON SHELL AND CONCRETE, a McDonough Company, Appellee.**

No. 17351.

Court of Civil Appeals of Texas, Houston (1st Dist.).

April 19, 1979.

Rehearing Denied July 12, 1979.

---

Stradley, Barnett & Stein, Robert F. Stein, Houston, for appellant.

Reynolds, Allen & Cook, William E. Junell, Jr., Houston, for appellee.

Before EVANS, WARREN and WALLACE, JJ.

WARREN, Justice.

This is an appeal from an order granting summary judgment in favor of Houston Shell and Concrete, appellee, and against T. L. Hastings d/b/a Hastings Trucking, appellant.

In April 1974, appellee and appellant orally agreed that appellant would haul all the sand and gravel needed in the operation of a certain plant owned by appellee. Appellant, pursuant to this agreement transport-ed the sand and gravel to this plant until December 31, 1974 when appellee either repudiated or terminated the agreement.

On July 16, 1976, appellant filed suit alleging that the contract was for a permanent duration and that appellee breached the contract by repudiating it. On July 10, 1978, appellee filed an amended answer and a motion for summary judgment asserting that the contract was unenforceable because it fell within the one year provision of the statute of frauds. Thereafter on August 4, 1978, appellant filed an amended petition alleging an additional cause of action for fraud and misrepresentation. On August 7, 1978, appellee filed its second amended original answer and a supplemental motion for summary judgment asserting that the two year statute of limitations barred the claim for fraud and misrepresentation. The motion was presented on the same day and granted on September 5, 1978.

Appellant contends that the court erred in granting summary judgment because material fact issues existed pertaining to the essential elements of the alleged causes of action. Appellee's motion, however, was premised upon the applicability of two affirmative defenses and not upon the failure of the appellant to establish the necessary elements of the alleged causes of action. For this reason appellant's first point of error is overruled. *Great American Reserve Insurance Company v. San Antonio Plumbing Supply Company,* 391 S.W.2d 41 (Tex.1965); *Kenny v. Porter,* 557 S.W.2d 589 (Tex.Civ.App.—Corpus Christi 1977, no writ).

In the second point of error appellant asserts that the statute of frauds is not a defense to the tort action of fraud and misrepresentation. On this point there is apparent disagreement among the Texas courts.

In *Wade v. State National Bank,* 379 S.W.2d 717 (Tex.Civ.App.—El Paso 1964, writ ref'd n. r. e.) the court held that an action for fraud and misrepresentation could not be maintained where it was premised upon the breach of an oral prom-

ise rendered unenforceable by the statute of frauds. The court reasoned that allowing testimony to prove the oral promise in a tort context would circumvent the statute of frauds. This position has been widely adopted and is probably the majority rule in foreign jurisdictions. See e. g. *Caplan v. Roberts,* 506 F.2d 1039 (9th Cir., 1974) (construing California substantive law); *Ostman v. Lawn,* 305 So.2d 871 (Fla.App.1974); *Mildfelt v. Lair,* 221 Kan. 557, 561 P.2d 805 (1977).

The *Wade* decision conflicts with the earlier decision of *Sibley v. Southland Life Insurance Co.,* 36 S.W.2d 145 (Tex.1931). In that case Sibley was sued for deceit founded upon his false oral promise that certain houses would be completed by Kern Lumber Company of which he was a stockholder and officer. Sibley contended that to allow recovery for deceit would impose liability upon him for an unenforceable oral promise to answer for the debt of another. The court rejected this contention stating,

Considered in a contractual aspect, his promise would probably be subject to the rule invoked. But, as has already been shown, the cause of action growing out of such promise, which the [plaintiff] asserts herein, is grounded in tort and not in contract. Responsibility for the tort committed is not affected by the fact that the false promise was made orally.

The rationale of the *Sibley* decision has been followed in *Inman v. Wallace,* 558 S.W.2d 554 (Tex.Civ.App.—Waco 1977, no writ) and in *Collins v. McCombs,* 511 S.W.2d 745 (Tex.Civ.App.—San Antonio 1974, writ ref'd n. r. e.).

In *Collins* the court was confronted with a claim premised upon the defendant's oral promise to convey 40% of the business, after the initial purchase price had been recovered from profits, to the plaintiff in consideration for his services in managing the business. Although the claim sounded in tort, the plaintiff sought to recover contractual damages. The court disregarded the form of the claim and, after examining the substance, determined that the statute of frauds applied.

We are bound by the holding in *Sibley.* Moreover, in the instant case the appellant has plead a tort action and prayed for tort damages. Accordingly, appellant's second point of error is sustained.

Appellant's third point of error urges that the breach of contract action is not rendered unenforceable by the statute of frauds. This point is overruled. Appellant in his deposition admits that the contract was to extend beyond one year. Therefore, the statute applies, rendering the promise unenforceable. Tex.Bus. & Com.Code Ann. § 26.01(b)(6) (Vernon Supp. 1978–1979); *Krueger v. Young,* 406 S.W.2d 751 (Tex.Civ.App.—Eastland 1966, writ ref'd n. r. e.) (directed verdict granted because plaintiff admitted contract extended beyond one year).

Appellant's fourth point of error contends that appellee has not proven, as a matter of law, that the fraud and misrepresentation cause of action is barred by the statute of limitations. We sustain this point of error.

Appellant filed his original petition for breach of the alleged oral contract on July 16, 1976. This petition was amended on August 4, 1978, alleging the same transaction and occurrence but asserting in the alternative a cause of action for fraud. But for Tex.Rev.Civ.Stat.Ann. art. 5539b (Vernon 1958) this alternative cause of action would have been barred. This statute, however, allows a subsequent amendment changing the facts or the grounds of liability provided the original cause of action was not barred by limitations and, provided further, the amendment is not wholly based upon a new, distinct or different transaction or occurrence. This statute was interpreted thoroughly in *Leonard v. Texaco, Inc.,* 422 S.W.2d 160 (Tex.1967), which supports appellant's contention.

The judgment is reversed and remanded.