Gus **KERIOTIS**, Appellant,

v.

**LOMBARDO RENTAL TRUST** et al., Appellees.

No. 8524.

Court of Civil Appeals of Texas, Beaumont.

Oct. 9, 1980.

Rehearing Denied Oct. 30, 1980.

———

Kenneth W. Lewis, Beaumont, for appellant.

Chilton O'Brien, Beaumont, for appellees.

KEITH, Justice.

Plaintiff (appellant herein) brought this action under the Deceptive Trade Prac-

tices–Consumer Protection Act, *Tex.Bus. & Comm.Code Ann. § 17.41 et seq. (Supp. 1980)*, hereinafter "DTPA", for damages arising out of an alleged oral misrepresentation that defendants would sell a certain parcel of real estate to plaintiff for $75,000. The trial court entered summary judgment that plaintiff take nothing, and we affirm.

Plaintiff conceded in oral argument that if the statute of frauds, *Tex.Bus. & Comm. Code Ann. § 26.01 (1968)*, and as amended *(Supp.1980)*, applies to this case, the trial court's action in granting summary judgment was proper. Thus the sole question for our determination is whether the statute of frauds precludes actions under DTPA for damages for deceptive acts committed in connection with the sale of real estate.

The sequence of events leading up to this suit is not contested. Plaintiff testified that he called Annette L. Jackson and discussed with her the possibility that he might purchase the building, of which he was already a tenant. Defendant Jackson subsequently wrote a letter to plaintiff stating that "[t]he price we discussed for Orleans & Wall is all right ..." but refusing seller financing. Plaintiff made no further effort to pursue the transaction until after he learned of the sale of the building to a third party. According to plaintiff's brief, "[t]he violation of the Deceptive Trade Practices–Consumer Protection Act was the representation by Annette L. Jackson that a piece of real estate in Jefferson County would be sold to plaintiff for the sum of $75,000 and the subsequent sale within the next few days by defendants of that same piece of property for a sum of $105,000."

The basis for computation of damages sought is the difference between the price allegedly promised and the price of $105,000 received by defendants in the subsequent sale of the property. Plaintiff argues that although the measure of damages is the amount plaintiff would have gained had the oral contract been performed, the action is in tort for misrepresentations made unlawful by DTPA. Defendants counter that regardless of the terms in which it is couched, the action amounts to a suit for damages for failure to perform an oral contract for the sale of land.

Although this is a case of first impression under DTPA, we do not write on a clean slate. While there is some confusion in the case law on this subject, an analysis reveals that the holdings have for the most part been harmonious. The reasoning of the court in *Collins v. McCombs*, 511 S.W.2d 745, 747 (Tex.Civ.App.–San Antonio 1974, writ ref'd n. r. e.), is particularly appropriate to the case at bar, and we here adopt its language:

> "Even if it be conceded that an action in tort for [misrepresentation] is unaffected by the provisions of the statute of frauds, the judicial disregard of the statute should be limited to situations in which the essence of the action truly sounds in tort.... Since plaintiff is here seeking to recover what he would have gained had the promise been performed, it is apparent that his action, while cast in language sounding in tort, is an indirect attempt to recover for the breach of the unenforceable promise and is, therefore, barred by the statute of frauds. See *Canell v. Arcola Housing Corp.*, 65 So.2d 849 (Fla.Sup.1953); *Papanikolas v. Sampson*, 73 Utah 404, 274 P. 856 (1929)."

But see *Hastings v. Houston Shell & Concrete*, 596 S.W.2d 142, 144 (Tex.Civ.App.– Houston [1st Dist.] 1979, writ ref'd n. r. e.).

The *Collins* court in the omitted portion of the above language notes an exception to its rule of damages in cases arising under § 27.01, *Tex.Bus. & Comm.Code Ann. (1968)*, relating to fraud in the *inducement* in real estate transactions. The distinctions in the causes of action, the measures of damages, and the applicability of the statute of frauds are illustrated by *Sibley v. Southland Life Ins. Co.*, 36 S.W.2d 145 (Tex. Comm'n App.1931, opinion adopted). In *Sibley*, the contract to convey land had been fully performed; plaintiff sought damages for defendant's failure to perform certain oral promises which induced plaintiff to purchase the land. The court held that the statute of frauds did not bar recovery on the action for deceit.

In contrast to *Sibley* is *Wade v. State National Bank*, 379 S.W.2d 717 (Tex.Civ. App.–El Paso 1964, writ ref'd n. r. e.). The *Wade* plaintiff relied upon the oral promise of the deceased to leave her estate, including real property, to the plaintiff in exchange for the plaintiff's forbearance from investigating the circumstances of her father's death. Since there was no writing evidencing the promise to convey by will, the court held that the plaintiff was barred by the statute of frauds. In both cases the measure of damages sought was the difference between the value of the thing promised and its value as received. In both cases the collateral promise was intended to induce action or forbearance on the part of the promisee. However, in *Sibley* the plaintiff was not relying upon the collateral promise for enforcement of the principal agreement, which was for the conveyance of land. The plaintiff in *Wade*, on the other hand, was attempting to rely upon the alleged oral agreement for enforcement of the principal contract to devise real property.

 Thus it is not only the nature of damages sought but also the relationship of the promise to the purposes of the statute of frauds which controls the application of the statute. *Rankin v. Naftalis*, 557 S.W.2d 940, 943–944 (Tex.1977). See also *Long v. Humble Oil & Refining Co.*, 154 S.W.2d 925, 933 (Tex.Civ.App.–Galveston 1940, writ ref'd w. o. m.); *Vallejo v. Romero*, 511 S.W.2d 716, 718 (Tex.Civ.App.–San Antonio 1974, no writ).

In the case at bar, both the alleged misrepresentation and the damages sought support the conclusion that plaintiff is attempting to recover damages for failure to perform an oral promise governed by the statute of frauds. No collateral agreement whatever is alleged or proved and no attempt is made to establish any acts other than the promise to convey and the failure to do so. Under this state of the record, we must conclude that the trial court properly determined that the cause of action was for breach of contract and was therefore unenforceable under the statute of frauds. *Collins v. McCombs*, supra.

We are in accord with this language used in *Wade v. State National Bank*, supra (379 S.W.2d at 720):

"We fail to see how there could be any recovery for fraud involving the breach of an unenforceable contract. To hold otherwise would be to create an anomoly, and allow one to do indirectly what he could not by law do directly."

For the reasons stated, the judgment of the trial court is AFFIRMED.