TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-96-00626-CV






Kuang-Huei Chen, Appellant



v.



Sharon Ma, Douglas Ma, and Chen Luan Ma, Appellees






FROM THE DISTRICT COURT OF TRAVIS COUNTY, 147TH JUDICIAL DISTRICT


NO. 92-12202, HONORABLE MARGARET COOPER, JUDGE PRESIDING 






 Kuang-Huei Chen appeals from a take-nothing summary judgment rendered in favor of
Sharon Ma, Douglas Ma, and Chen Luan Ma. Mr. Chen sued the Mas for breach of contract and
deceptive trade practices in connection with the Mas' aborted sale of real estate to him. He contends on
appeal that the summary judgment was erroneous and that the trial court should have allowed him to
replead. We will reverse the judgment and remand the cause for further proceedings.


THE CONTROVERSY


 Mr. Chen traveled from Taiwan to Austin to discuss purchasing some land in Austin from
Sharon Ma and Chen Luan Ma; Douglas, the Mas' son, traveled with Mr. Chen. Sharon, authorized by
Chen Luan to conduct negotiations on his behalf, offered to sell the property for $400,000. Mr. Chen gave
Sharon and Chen Luan checks totaling $60,000 and gave Douglas a check for $6,594.22. Sharon sent
Mr. Chen a signed letter, dated May 10, 1990, acknowledging receipt of the $60,000, which she termed
a "deposit" for the purchase of the property. Sharon stated in the letter that the purchase price is $400,000
and fixed a closing date of August 22, 1990. The Mas removed tenants from the properties because, they
assert, Mr. Chen asked them to do so.

 Mr. Chen never consummated the purchase. He contends the Mas falsely represented that
the property was unencumbered, that buying property would help his chance to get residency in the United
States, and that the property was worth $400,000. He testified at deposition the tax valuation was only
about $100,000. He testified he did not have sufficient cash to make the purchase, but could have
borrowed the balance of the purchase price had the property been worth $400,000. He said he sent
certified letters to the Mas before the closing date telling them he did not want to close on the property. 
He also claims he asked for his money back. He did not receive a refund. Mr. Chen sued for a refund on
grounds of breach of contract and rescission, and for damages based on violations of the Deceptive Trade
Practices Act.

 The Mas contend they made no representations regarding liens, residency, or property
value. They assert that, had the sale occurred, its proceeds would have been applied to extinguish the
existing lien on the properties securing a debt of nearly $147,000. They admit the sale price exceeded the
tax valuation, but contend the sale price was fair. Douglas Ma separately asserts he did not own the
property and therefore could not have made or breached any agreement to sell it; he, however, was listed
as the lessor in a lease predating the attempted sale. The Mas counterclaimed against Mr. Chen for the
rent income they lost by removing the tenants from the property in reliance upon Mr. Chen's promise to
buy it. The Mas waived their counterclaim when they recovered summary judgment that Mr. Chen take
nothing by his claims.

 Mr. Chen contends by his first point of error that the court erred by granting the take-nothing summary judgment. We review the summary-judgment record to determine whether the movant
established the absence of a genuine issue of material fact and entitlement to judgment as a matter of law. 
See Tex. R. Civ. P. 166a(c); City of Houston v. Clear Creek Basin Auth., 589 S.W.2d 671, 678 (Tex.
1979). We view the record and its reasonable inferences in the light most favorable to the nonmovant and
resolve against the movant all doubts about the existence of a genuine issue of a material fact. Great Am.
Reserve Ins. Co. v. San Antonio Plumbing Supply Co., 391 S.W.2d 41, 47 (Tex.1965).


BREACH OF CONTRACT AND RESCISSION


 The Mas moved for summary judgment against Mr. Chen's breach of contract and
rescission actions on the ground that Mr. Chen first breached their agreement. The Mas proposed
alternative bases for decision depending on whether the May 10 letter satisfies the requirements of the
statute of frauds. Douglas Ma offered some additional bases unique to him. Because the court did not
state a specific basis for its ruling, we must affirm the judgment if we find support for one ground and may
reverse only if we find no ground supported by the record. Rogers v. Ricane Enters., Inc., 772 S.W.2d
76, 79 (Tex. 1989).

 The Mas first argue Mr. Chen breached the terms of the agreement as memorialized by the
May 10 letter. An agreement for the sale of real property must be in writing and signed by the person to
be charged with the promise or agreement. Tex. Bus. & Com. Code Ann. § 26.01 (West 1987). The
Mas contend the letter contains the necessary elements including Sharon Ma's signature. They assert their
willingness to comply with all terms of the May 10 letter. In order to prevail on their defense that Mr. Chen
breached the terms of the May 10 letter, however, the Mas had to establish as a matter of law that the May
10 letter was enforceable against Mr. Chen. Because the May 10 letter plainly lacks Mr. Chen's signature,
the letter is not enforceable against Mr. Chen under the statute of frauds. See Code § 26.01(a)(2). To the
extent the letter is a contract, it is voidable under the statute at Mr. Chen's option. See Enochs v. Brown,
872 S.W.2d 312, 318 (Tex. App.--Austin 1994, no writ). The trial court could not grant summary
judgment against Mr. Chen based on a theory he breached the terms of the May 10 letter.

 The Mas also contend the parties' actions bound Mr. Chen in equity to complete the
agreement despite the statute of frauds. The supreme court held "where one party to an oral contract has
in reliance thereon so far performed his part of the agreement that it would be perpetrating a fraud on him
to allow the other party to repudiate the contract and set up the statute of frauds in justification thereof,
equity will regard the case as being removed from the operation of the statute, and will enforce the
contract." Texas Co. v. Burkett, 296 S.W. 273, 279 (Tex. 1927). Courts have held a buyer who pays
part of the purchase price pursuant to an agreement within the statute of frauds may get a refund only by
showing his tender of performance met with the seller's refusal to perform. See Campbell v. Fair, 82
S.W.2d 1038, 1039 (Tex. Civ. App.--Texarkana 1935, no writ) (purchaser paying part of purchase price
not entitled to refund when seller willing to sell); see also Tabor v. Ragle, 526 S.W.2d 670 (Tex. Civ.
App.--Fort Worth 1975, writ ref'd n.r.e) (buyer whose tendered performance is rejected entitled to full
refund); see also Vick v. McPherson, 360 S.W.2d 866, 869 (Tex. Civ. App.--Amarillo 1962, writ ref'd
n.r.e.) (buyer who pays part of purchase price and takes possession of insurance company not entitled to
refund from still-willing seller on oral agreement); LeSage v. Dunaway, 195 S.W.2d 729, 731 (Tex. Civ.
App.--Waco 1946, no writ) (seller who delivers deed under oral agreement entitled to recover balance
of purchase price). In the decisions cited, the factfinder determined, based on written and parol evidence,
what the terms of the contract were. On summary-judgment motions, however, neither the trial court nor
we may resolve material factual disputes except in favor of the nonmovant.

 Disputes in the summary-judgment record prevent a court's ascertaining as a matter of law
how much of their obligations the parties have performed. In neither of the cited decisions involving a
written agreement was the agreement unenforceable against the purchaser for lack of the purchaser's
signature. See Tabor, 526 S.W.2d at 674 (written agreements unenforceable under statute of frauds
because property description deficient); Campbell, 82 S.W.2d at 1039. The absence of Mr. Chen's
signature undermines the enforceability of the May 10 letter, against him, under the statute of frauds and
calls into question whether Mr. Chen agreed to the terms of the letter as an expression of their contract. 
Parol evidence shows disputes regarding the lessees' obligation to remove the tenants before the sale and
the existence of critical terms such as Mr. Chen's right of rescission. Mr. Chen flatly denied asking the Mas
to remove the tenants. Regarding rescission, Mr. Chen testified that Mrs. Ma told him "if you don't want
[the] house later on I'll refund your money." No writing in the record, signed by him, indicates the contrary. 
The Mas' denials that they agreed to give Mr. Chen an election to rescind only create a fact question
regarding whether the $60,000 payment was refundable under the terms of their contemporary oral
agreement. If Mr. Chen was entitled to a refund under the parties' contract, then his failure to pay the
entire purchase price and his request for a refund did not breach the contract. 

 Nor does the summary-judgment record show as a matter of law performance by the Mas
necessary to bind Mr. Chen to a contract in equity notwithstanding the statute of frauds. Mr. Chen did not
dispute that the Mas removed their tenants before the sale, but he expressly denied he asked them to do
so. Nor does Mr. Chen dispute that the Mas were ready and willing to convey the property on the closing
date; he swore, however, that he had rescinded the contract before that date. The only undisputed action
by the Mas was their acceptance of Mr. Chen's $60,000 and $6,594.22. We conclude this action does
not, as a matter of law, justify the intervention of equity to prevent use of the statute of frauds for a
fraudulent end. See Vick, 360 S.W.2d at 869 (seller of insurance agency allowed buyer to use office to
contact policyholders to inform them of change in ownership); LeSage, 195 S.W.2d at 730 (sellers
executed and delivered deed to buyers). 

 We reach no conclusion whether any enforceable oral agreement existed, what the terms
of such an agreement might be, nor whether the Mas' performance of those terms allows them to enforce
the terms against Mr. Chen. We conclude instead that genuine issues of material fact, shown in the
summary judgment record, precluded summary judgment that Mr. Chen take nothing because he breached
the contract first.

 The summary judgment against Mr. Chen's claim for rescission is similarly flawed. The
Mas protest that rescission was not available because it was not mentioned in the May 10 letter. This
contention fails because the letter does not comprise a written contract enforceable against Mr. Chen. The
summary-judgment record reveals a genuine issue of fact whether there is an enforceable contract and
whether that contract includes a rescission election. We hold accordingly.

 Douglas Ma separately claims Mr. Chen's breach-of-contract and rescission claims fail
against him because he never held a freehold or leasehold interest in the property. We initially note that a
lease of the property at 4634 Burnet Road, attached as an exhibit to the Mas' motion for summary
judgment, names Douglas as the lessor; Douglas does not explain this apparent conflict between his
assertion and his own summary-judgment evidence. Douglas admits he received the $6,594.22 from Mr.
Chen, although he avers it was reimbursement for his travel expenses. Mr. Chen, however, averred he paid
the $6,594.22 to Douglas as the Mas' agent as part of the downpayment. When, as required, we view
this evidence most favorably to Mr. Chen, then Douglas, who had an interest that allowed him at one time
to serve as lessor of one of the properties, accepted and kept money intended as a downpayment for the
property. Mr. Chen requested a refund of the downpayment, but nothing in the record indicates Douglas
returned that money or passed it along to his parents. If Mr. Chen's claims prove meritorious, Douglas
would be the source of the refund. Conflicting evidence, such as Mr. Chen's deposition testimony that he
meant for Douglas to open a local bank account and Douglas's testimony that the payment was for his
travel expenses to and from Taiwan, does not establish either of these alternatives as a matter of law. 
Because the evidence raises a genuine issue of material fact on whether Mr. Chen is entitled to recover the
money given to Douglas, summary judgment against Mr. Chen was precluded.


DECEPTIVE TRADE PRACTICES ACTIONS


 The Mas contend Mr. Chen's DTPA claims fail regardless of whether the statute of frauds
bars enforcement of the contract. We conclude the Mas were not entitled to summary judgment on these
claims.

 The Mas argue that, if the statute of frauds bars enforcement of the contract, the DTPA
is inapplicable as a matter of law, citing Keriotis v. Lombardo Rental Trust, 607 S.W.2d 44 (Tex. Civ.
App.--Beaumont 1980, writ ref'd n.r.e.); Collins v. McCombs, 511 S.W.2d 754 (Tex. Civ. App.--San
Antonio 1974, writ ref'd n.r.e.). As the Keriotis court noted, however, whether the statute of frauds bars
a DTPA action depends on the type of damages sought and the relationship of the promises to the purposes
of the statute of frauds. 607 S.W.2d at 46. The statute of frauds applies to bar claims of plaintiffs who
seek the benefit of the bargain rather than recovery for losses from a breach. Collins, 511 S.W.2d at 747. 
The statute may also bar claims of plaintiffs who seek recovery for breach of an oral promise to convey
land. Keriotis, 607 S.W.2d at 46. The statute does not bar claims alleging failure to perform collateral
promises that induced the purchase or sale of land. Sibley v. Southland Life Ins. Co., 36 S.W.2d 145
(Tex. Comm'n App. 1931, opinion adopted) (plaintiff can recover for false oral promise inducing purchase
of land); see also Keriotis, 607 S.W.2d at 45-46.

 Based on both the kind of claim and the nature of damages asserted here, we conclude that
even if the statute of frauds barred the contract it would not bar Mr. Chen's DTPA claims. The alleged
misrepresentations are collateral to the sale agreement and he seeks to recover the downpayment, not to
enforce the sale agreement or recover anything based on the value of the properties. The court erred to
the extent it found the DTPA claims barred by the statute of frauds.

 The Mas also deny they made the representations that are the subject of the DTPA action. 
Mr. Chen avers they did. This clash presents a genuine issue of material fact precluding summary judgment.

 Finally, the Mas contend the DTPA claims fail as a matter of law because nothing in the
record establishes that their alleged statements regarding residency and value were not true; they also argue
nothing in the record establishes the alleged statements were the producing cause of any damages. Their
argument reverses the summary-judgment burden under the applicable rules. The Mas' motion for
summary judgment, filed May 6, 1996, predated the September 1, 1997 effective date of Texas Rule of
Civil Procedure 166a(i) allowing a no-evidence summary-judgment motion. See Final Approval of
Revisions to the Texas Rules of Civil Procedure, 60 Tex. B.J. 872, 873 (1997). In fact, this appeal was
perfected before the rule became effective. The applicable summary-judgment rule required the Mas, as
movants, to demonstrate an absence in the record of a genuine issue of material fact on the issues of
residency, value, and producing cause. See Tex. R. App. P. 166a(c). The record does not show as much.

CONCLUSION


 We conclude the trial court erred by rendering summary judgment. We sustain point of
error one. We therefore need not consider the second point of error concerning whether the trial court
should have allowed Mr. Chen to replead following rendition of the summary judgment.

 We reverse the judgment and remand the cause to the trial court.



 

 John Powers, Justice

Before Justices Powers, Aboussie and B. A. Smith

Reversed and Remanded

Filed: April 9, 1998

Do Not Publish


DECEPTIVE TRADE PRACTICES ACTIONS


 The Mas contend Mr. Chen's DTPA claims fail regardless of whether the statute of frauds
bars enforcement of the contract. We conclude the Mas were not entitled to summary judgment on these
claims.

 The Mas argue that, if the statute of frauds bars enforcement of the contract, the DTPA
is inapplicable as a matter of law, citing Keriotis v. Lombardo Rental Trust, 607 S.W.2d 44 (Tex. Civ.
App.--Beaumont 1980, writ ref'd n.r.e.); Collins v. McCombs, 511 S.W.2d 754 (Tex. Civ. App.--San
Antonio 1974, writ ref'd n.r.e.). As the Kerio