**O. C. HINES et al., Appellants,**

v.

**Joe TAYLOR, Appellee.**

No. 558.

Court of Civil Appeals of Texas,
Houston (14th Dist.).

Dec. 29, 1971.

Morris Pepper, Houston, for appellants.

Simon Philp, III, Rafferty, Taylor, Kepner & Associates, Houston, for appellee.

SAM D. JOHNSON, Justice.

Temporary injunction.

Plaintiff, Joe Taylor, obtained a temporary injunction in the District Court of Harris County enjoining O. C. Hines and Ruby Williams from prosecuting an action in the nature of forcible entry and detainer to dispossess plaintiff from certain property which he occupied. Plaintiff contends that he obtained the property pursuant to an oral contract with James E. Hines, now deceased. By the terms of the oral contract asserted by the plaintiff, the decedent allegedly agreed to will the property to plaintiff. Decedent, however, died intestate. O. C. Hines and Ruby Williams, in their capacity as administrators of decedent's estate, dispute plaintiff's claim to the property in plaintiff's suit to establish the oral contract and compel defendants to deed the property to plaintiff. Defendants O. C. Hines and Ruby Williams have duly appealed to this Court seeking to dissolve the injunction.

By the terms of the oral contract alleged in plaintiff's sworn petition, James E. Hines promised to devise to plaintiff the property (a house and lot located in Houston) if plaintiff would perform decedent's plumbing work, car repair and maintenance, construction work and grocery shopping, and would nurse and in general take care of decedent for the balance of his life. Plaintiff contends that he in fact performed these activities for decedent and thus performed his part of the bargain. Defendant filed a motion for dismissal of the application for injunction and, in the alternative, to disregard the application based solely upon the verified petition. In his answer defendant asserted a general denial and affirmatively pleaded that the alleged oral contract violated the Statute of Frauds, the Texas Trust Act and the Texas Statutes of Conveyances.

In this appeal, appellants, defendants below, urge points of error citing (1) deficiencies in the trial court's order, (2) lack of evidence to support plaintiff's verified petition, (3) failure by appellee to establish a probable right of recovery on the alleged contract, and (4) violation of the Statute of Frauds. Numbers two and three are essentially the same inasmuch as the plaintiff must offer some evidence to show the existence of a probable right to recovery. These two points of error will be sustained.

If a probable right of recovery existed it necessarily flowed from the alleged oral contract; it was founded upon it and could not exist without it. It was not, however, established by plaintiff's sworn petition. There was no agreement of the parties and plaintiff's sworn petition does not therefore constitute evidence supporting the trial court's order. Millwrights Loc. Union No. 2484 v. Rust Engineering Co., 433 S.W.2d 683 (Tex.Sup.1968). It was of course not necessary for plaintiff to establish that he would finally prevail in the litigation, Transport Co. of Texas v. Robertson Transports, 152 Tex. 551, 261 S.W.2d 549 (1953) but it was altogether incumbent upon the plaintiff that he evidence a reasonable basis supporting the conclusion that he had a probable right of recovery. Camp v. Shannon, 162 Tex. 515, 348 S.W.2d 517 (1961).

The evidence of the oral contract offered by the plaintiff consisted of the testimony of a disinterested witness, Mr. William Marvin Bush, and the plaintiff's own testimony. Mr. Bush testified he had never heard the decedent say that he had paid plaintiff anything for the work plaintiff did for him; that the decedent told him that he was going to leave the property to plaintiff; that the decedent on one occasion referred to the property as plaintiff's; and that the plaintiff was currently residing on the property. The plaintiff testified that he had lived on the property twelve

years, had conducted his business from there and that he had made improvements to the garage located on the premises.

Examining the testimony in the light most favorable to appellee and indulging every reasonable inference in support of the granting of the temporary injunction, W. G. Tufts and Son v. Herider Farms, Inc., 461 S.W.2d 257 (Tex.Civ.App. —Tyler 1970, no writ), we are unable to conclude that the plaintiff's evidence demonstrated the existence of an oral contract, or a contract of any nature, with the decedent. The testimony is not couched in the language of an agreement or any kind of mutual undertaking or obligation; it supplies no basis for an inference that the plaintiff and the decedent had any nature of contractual relationship with each other.

In his final point of error appellant contends that plaintiff's alleged oral contract is barred by the Statute of Frauds, citing the well-established rule of Hooks v. Bridgewater, 111 Tex. 122, 229 S.W. 1114 (1921). Under that rule, in order to exempt an oral contract from the ban of the Statute of Frauds, a party must show (1) payment of the consideration, (2) possession by the vendee, and (3) the making by the vendee of valuable improvements with the vendor's consent. These factors must exist simultaneously. Arguably, the evidence introduced by appellee at the hearing demonstrates elements one and three. As to possession by the plaintiff, the evidence here indicates that he was previously in physical possession of the property, remained in possession after the alleged contract and is in possession still. And, as noted above, there is evidence that on one occasion the decedent spoke of the property as appellee's.

Appellee is required to do more than give evidence of the three elements required by Hooks v. Bridgewater to relieve a parol sale of land from the effect of the Statute of Frauds. The conveyance itself must be proven, and its existence

may not be inferred solely from the existence of the three elements, especially since appellant denies that any oral conveyance occurred and asserts that only a tenancy existed. See Arredondo v. Mora, 340 S. W.2d 322 (Tex.Civ.App.—El Paso 1960, writ ref'd n. r. e.). Where the plaintiff offers no probative evidence of any parol agreement this Court can but conclude that no grounds for injunction existed.

The temporary injunction granted by the trial court must be dissolved and it is so ordered.