Santos L. VALLEJO et ux., Appellants,

v.

Steve S. ROMERO et ux., Appellees.

No. 15311.

Court of Civil Appeals of Texas,
San Antonio.

June 12, 1974.

Rehearing Denied July 10, 1974.

Tinsman & Houser, Inc., Gordon W. Jones, Jr., San Antonio, for appellants.

Leeds & Wilburn, San Antonio, for appellees.

BARROW, Chief Justice.

Appellants have perfected their appeal from a take-nothing judgment entered after an instructed verdict for defendant-appellees in appellants' suit for specific performance of an oral option to purchase real estate or, in the alternative, for damages for breach of said contract.

Appellants urge by their first point that there is sufficient evidence to raise fact issues upon the elements alleged by them to take the case out of the Statute of Frauds. Their second point asserts that a fact issue was raised on limitations and that the trial court should have submitted an issue to the jury on their alternative claim for damages.

It is well settled that in an appeal from the granting of an instructed verdict, we must accept as true the evidence in the record supporting appellants' cause of action. All conflicts and inconsistencies must be resolved in favor of appellants, and we must draw all inferences therefrom most favorable to appellants' alleged cause of action. Constant v. Howe, 436 S.W.2d 115 (Tex.1968).

The parties will be referred to as in the trial court. Sometime in 1963, plaintiffs, Mr. & Mrs. Vallejo, moved into a house owned by defendants and commenced paying $68.30 a month rent. Mrs. Romero, who is the cousin of Mr. Vallejo, and her husband lived next door to the house rented by the Vallejos. In the fall of 1964, defendants offered plaintiffs an option to purchase said house and lot for $1,500.00 and discharge of the mortgage obligation of defendants on the property. On October 18, 1964 plaintiffs paid defendants the sum of $1,200.00; on December 20, 1964, they paid $150.00, and on January 24, 1965, they paid $100.00, making total payments of $1,450.00. At this time, Mrs. Romero advised Mr. Vallejo that plaintiffs must pay an additional $600.00 for the option to cover the cost of sewers installed by defendants. This was agreeable to plaintiffs; however, Mr. Vallejo advised Mrs. Romero that he had no money at that time. Mrs. Romero replied: "Well, we are cousins, you can take all the time you want." Plaintiffs base their assertion that the option was still open in January of 1973, on this statement.

The rent was increased to $80.80 per month about a year or so after the 1965 agreement. There were no further negotiations between the parties regarding the option until November 6, 1972, when an attorney for defendants wrote plaintiffs that the purchase price of the house was $12,600.00, and that if this was acceptable to plaintiffs, defendants wanted to close the transaction immediately. No reply was made by plaintiffs to this letter and, on December 8, 1972, this attorney wrote plaintiffs that such amount must be paid by no later than January 1, 1973, or they must vacate the premises. Upon receipt of this second letter, plaintiffs contacted an attorney who tendered, in their behalf, a cashier's check for $650.00, and inquired as to the balance owed on defendants' note on the house as of January 1, 1965. On January 8, 1973, plaintiffs' attorney wrote defendants' attorney a letter wherein he tendered a cashier's check for $242.50 "for three months rent" then owed by plaintiffs. Said attorney further advised defendants in said letter that plaintiffs desired to purchase the property pursuant to the 1965 option. In April of 1973, defendants filed a forcible entry and detainer suit against plaintiffs to recover possession of the premises, and shortly thereafter, plaintiffs filed this suit. Defendants' suit for possession has been enjoined pending final disposition of plaintiffs' suit for specific performance of the option.

Under the well-established rule enunciated in Hooks v. Bridgewater, 111 Tex. 122, 229 S.W. 1114 (1921), in order to exempt an oral contract for the sale of real estate from the ban of the Statute of Frauds,[1] a party must show (1) payment of the consideration, (2) possession by the vendee, and (3) the making by the vendee of valuable and permanent improvements upon the land with the consent of vendor; or without such improvements, the presence of such facts as would make the transaction a fraud upon the purchaser if

_____

1. Business and Commerce Code, Section 26.01(b)(4), Tex.Rev.Civ.Stat.Ann., V.T.C.A. (1968).

it were not enforced. All three factors must exist simultaneously. National Resort Communities, Inc. v. Cain, 479 S.W.2d 341 (Tex.Civ.App.—Austin 1972, writ ref'd n.r.e.) ; Hines v. Taylor, 476 S.W.2d 81 (Tex.Civ.App.—Houston [14th] 1971, no writ) ; King v. Matteson, 432 S.W.2d 155 (Tex.Civ.App.—Tyler 1968, writ ref'd n. r.e.).

■ There is not sufficient evidence in this record raising fact isues on all these factors so as to entitle plaintiffs to specific performance of this oral contract. The cash consideration of $2,100.00 has been paid or tendered. However, plaintiffs have never tendered the sum of $7,626.62, which was owed on defendants' note to Main Savings Association in January of 1965. Plaintiffs had no contact whatsoever with this Association. Plaintiffs were in possession of the premises under the rental agreement with defendants in 1964, when the oral contract was made, and have remained in possession since that time. See Hines v. Taylor, supra.

Plaintiffs urge that the evidence that they planted grass and three pecan trees on the premises, replaced four broken knobs, did some painting, and placed tile on the kitchen floor, raises a fact issue to satisfy the third requirement of Hooks v. Bridgewater, supra. Mr. Vallejo admitted, on cross-examination, that the trees were planted in 1963, which was prior to the oral agreement, and further, the painting and the tile work were performed without the knowledge of defendants. When this evidence is weighed in the light of the circumstance that plaintiffs entered the premises as tenants, this evidence does not raise a fact issue that valuable and permanent improvements were made upon the land with the consent of defendants in reliance upon said oral contract. Nor is there any fraud shown other than the asserted refusal of defendants to carry out the oral agreement. The trial court properly held, as a matter of law, that the statute of frauds barred enforcement of this oral contract to purchase real estate.

■ Plaintiffs urge, in the alternative, that they are entitled to recover damages for breach of said oral contract. Assuming, without deciding, that a fact issue is raised as to when the contract was repudiated by defendants so as to prevent such claim for damage being barred by limitations, the statute of frauds bars plaintiffs cause of action for damages for breach of the oral contract. This question was recently considered at length by us in Collins v. McCombs,[2] and it was there held that a claim for damages for breach of the oral promise was an indirect attempt to recover for the breach of the unenforceable promise and such claim was, therefore, barred by the statute of frauds. This holding is applicable to plaintiffs' alternative claim for damages.

■ It is seen that the judgment of the trial court does not dispose of certain funds tendered by plaintiffs to defendants. A cashier's check in the amount of $242.50 for three months unpaid rent properly belongs to defendants and should be delivered to them by the clerk upon proper receipt by defendants. The cashier's check for $650.00, tendered by plaintiffs pursuant to the 1965 oral agreement was not accepted by defendants and, therefore, belongs to plaintiffs.

The judgment of the trial court is reformed to provide that the cashier's check for $242.50 be delivered to defendants and that the check for $650.00 be awarded to plaintiffs. In all other respects, the judgment is affirmed.

CADENA, Justice.

I agree that the statute of frauds prevents enforcement of the "option" agreement. However, I would require defendants' to return the $1,450.00 which they were paid by plaintiffs under the agreement.

2. —— S.W.2d ——, Opinion of May 29, 1974.