In
The

                                                Court
of Appeals

                        Sixth
Appellate District of Texas at Texarkana

 

                                                ______________________________

 

                                                             No. 06-11-00077-CV

                                                ______________________________

 

 

         SILBIANO M. GONZALES AND JOSE M. GONZALES AND
THE 

                  ESTATE OF FELIPE GONZALES BY AND THROUGH 

                   ESTATE REPRESENTATIVE SILBIANO GONZALES 

                      AND ESTATE OF MARCOS GONZALES BY AND         

                              THROUGH ESTATE REPRESENTATIVE

                                   SILBIANO
GONZALES, Appellants

 

                                                                V.

 

                                    CLEMENTE GONZALES, Appellee

 

 

                                                         
                                         

 

 

                                       On Appeal from the 201st
Judicial District Court

                                                             Travis County, Texas

                                                 Trial Court No. D-1-GN-10-002580

 

                                                                                                  


 

 

                                          Before Morriss, C.J.,
Carter and Moseley, JJ.

                                              Memorandum Opinion by Justice Carter








                                                      MEMORANDUM OPINION

 

            A residential lot containing a
home with the street address of 917 Jewell, Austin, Texas 78704[1]
(the property) was purchased by Felipe and Marcos Gonzales in 1970.  Marcos died in 1987 and Felipe died intestate
in 2008.  They had six living children at
the time of Felipe’s death including Clemente, Silbiano, Candelario, Jose,
Juan, and Francisco.  Clemente claims
that his parents purchased the property for him and transferred the property
orally.  In support, Clemente swore that
his parents never lived on the property, that he moved onto the property in
1970, lived there continuously, paid the mortgage, and paid all property
taxes.     

            In June
2010, Silbiano and Jose filed applications for letters of administration in
Travis County probate court, along with an application to determine heirship.  By virtue of the determination of heirship,
awarding each living child a 1/6 interest in Felipe’s estate, Silbiano and Jose
began to assert an interest in the property. 
The other children executed a quitclaim deed to the property in favor of
Clemente. 

            In July
2010, Clemente filed a declaratory judgment action seeking to quiet title to
property against Silbiano; Jose; the Estate of Felipe Gonzales by and through
Silbiano, the Estate Representative; and the Estate of Marcos Gonzales by and
through Silbiano, the Estate Representative.[2]  Clemente asserted title by gift, parol sale,
adverse possession, and by “circumstantial evidence.”  Silbiano and Jose generally denied the
allegations in Clemente’s petition. 

            Clemente
filed a motion for partial summary judgment on the claims of parol sale of land
and adverse possession against all defendants. 
There was no response to the motion for summary judgment.  The trial court granted summary judgment in
Clemente’s favor.  Also, because no
answer was filed by the Estate of Felipe Gonzales, the trial court entered a
default judgment in Clemente’s favor against the estate. 

            Silbiano
and Jose appeal[3] the trial
court’s grant of the partial motion for summary judgment.  They contend that the “trial court erred when
it allowed a collateral attack on a probate judgment,” that the court erred in
entering a final judgment because “there is no judgment in the record disposing
of the Estate of Marcos Gonzales,” and erred in granting summary judgment
because there were issues of material fact precluding recovery on the parol
sale of land and adverse possession claims. 
We find the issue of collateral attack inadequately briefed and conclude
no judgment against the estate of Marcos was necessary to make the court’s
summary judgment an appealable order. 
However, because we find that fact issues were created by deposition
excerpts attached by Clemente to his summary judgment motion, we reverse the
trial court’s summary judgment and remand the case for further proceedings in
accordance with this opinion.  

I.         Issue Complaining of Alleged Collateral
Attack Is Inadequately Briefed

 

            Silbiano and
Jose contend the trial court erred in allowing a collateral attack upon the
probate judgment, which was merely a determination of heirship.  Their entire argument is included below:

There
was a judgment in the probate court, the same parties were parties to the
probate action, and the issue of ownership of the real property in question
could have been raised in the first suit. 
Appellees [sic] in the trial court seek to attack the issue of ownership
so the property they claim ownership of falls out of the purview of the probate
judgment after the judgment was rendered. 
The Court should reverse and render a judgment of dismissal with prejudice
as to all issues and all parties. 

 

            Rule 38.1(i)
requires that a brief contain “a clear and concise argument for the contentions
made, with appropriate citations to authorities and to the record.”  Tex. R.
App. P. 38.1(i).  Bare assertions
of error, without argument or authority, waive error.  Enbridge
Pipeline (East Tex.) L.P. v. Avinger Timber, L.L.C., 326 S.W.3d 390, 414
(Tex. App.—Texarkana 2010, pet. filed); see
Fredonia State Bank v. Gen. Am. Life Ins. Co., 881 S.W.2d 279, 284–85 (Tex.
1994) (discussing “long-standing rule” that point may be waived due to
inadequate briefing).  

            Silbiano and
Jose’s argument wholly fails to comply with the requirements of Texas Rule of Appellate
Procedure 38.1(i).  They have waived this
point, and we decline to address it.  We
overrule their first point of error. 

II.       The Trial Court’s Judgment Was Final 

 

            Silbiano
and Jose complain that no final judgment can be entered since “[t]here is still
one defendant outstanding, The Estate of Marcos Gonzales.”  We have previously stated, “It has long been
settled that the ‘estate’ of a decedent is not a legal entity and may not sue
or be sued as such.”  Miller v. Estate of Self, 113 S.W.3d
554, 556 (Tex. App.—Texarkana 2003, no pet.) (citing Price v. Estate of Anderson, 522 S.W.2d 690, 691 (Tex. 1975)).  “A suit seeking to establish the liability of
an estate should be filed against the personal representative or, in certain
circumstances, the heirs or beneficiaries.”  Id. 

            Suit against
Marcos’ estate was brought through Silbiano as the personal representative of
the estate.  However, the probate court
decided no administration of this estate was necessary, and service on behalf
of the estate could not be accomplished through Silbiano.  As Silbiano and Jose were only served on
behalf of the estate of Felipe and in their individual capacity, the estate of
Marcos was not properly served with the suit, and Clemente did not choose to
sue the heirs of Marcos’ estate or otherwise exhibit an intent[4]
to do so.[5]   Thus, the estate of Marcos was not properly
before the court. 

            In these
circumstances, a judgment which disposes of all named parties except one who
had never been served and did not answer is final for purposes of appeal and “stands
as if there had been a discontinuance as to” that party.  M.O.
Dental Lab v. Rape, 139 S.W.3d 671, 674 (Tex. 2004) (quoting Youngstown Sheet & Tube Co. v. Penn,
363 S.W.2d 230, 232 (Tex. 1962)).  We
find the trial court’s judgments finally disposed of all parties and issues
properly before the court.  This point of
error is overruled.     

III.      Genuine Issues of Material Fact Were
Created by Summary Judgment Evidence

 

            Silbiano and
Jose failed to file a response to the motion for summary judgment and failed to
plead any defense that would preclude summary judgment.  Thus, the trial court granted Clemente’s
motion, specifying that Silbiano and Jose were “precluded from asserting any
claim or right of title to the” property. 
Silbiano and Jose assert that material fact issues were created by the
evidence Clemente attached to his motion. 
We agree. 

            We review de
novo a trial court’s summary judgment.  Valence Operating Co. v. Dorsett, 164
S.W.3d 656, 661 (Tex. 2005).  In a traditional
motion for summary judgment, the movant has the burden to show there is no
genuine issue of material fact and it is entitled to judgment as a matter of
law.  Nixon
v. Mr. Prop. Mgmt. Co., 690 S.W.2d 546, 548 (Tex. 1985).  Thus, a nonmovant has no burden to respond to
a traditional motion for summary judgment unless the movant conclusively
establishes each element of its cause of action as a matter of law.  Rhone–Poulenc,
Inc. v. Steel, 997 S.W.2d 217, 222–23 (Tex. 1999).  The trial court may not grant summary
judgment by default because the nonmovant did not respond to the summary
judgment motion when the movant’s summary judgment proof is legally
insufficient.  Id. at 223.

            During
our analysis of Clemente’s traditional motion for summary judgment, and in
deciding whether there is a disputed material fact issue which precludes
summary judgment, proof favorable to Silbiano and Jose will be taken as true
and every reasonable inference will be indulged in their favor.  Limestone
Prods. Distrib., Inc. v. McNamara, 71 S.W.3d 308, 311 (Tex. 2002); Nixon, 690 S.W.2d at 548–49 (Tex. 1985).


            Attached to
the motion was an affidavit filed by Clemente averring:

 

my
parents . . . told me that the house was mine and they were giving it to
me.  At no time did Felipe Gonzales or
Marcos Gonzales ever reside in the residence.  On or about the 30th day of May, 1970, I moved
into the home and I have resided there continuously, openly, and obviously
since that date and I have paid my parents back all of the initial down
payment, paid the mortgage payments, property taxes, and I have made valuable
improvements on the property, such as replacing the roof twice, since 1970.

 

            Clemente’s
motion for summary judgment also included “Deposition Excerpts from Silbiano
Gonzales . . . as Exhibit D.”  The
deposition pages contained brackets around certain portions of testimony.  In these bracketed excerpts, Silbiano stated
that he had no evidence that the property was not given to Clemente by his
parents, admitted his knowledge that Clemente had paid the entire purchase
price for the property, and had made valuable improvements thereon.  He continued:

A.  
If—because I think what he wanted to do was to give Clemente the
house.  

 

Q.  
Okay. 

 

A.  
But he didn’t—you know, he had never really paid for it because it wasn’t
his. 

 

Q.  
Okay. 

A.   He didn’t have to pay for it. 

 

Q.   Okay. 
So you believe that it was your dad’s intention to give him the
house.  Correct?

 

A.  
He—let’s say he wanted to, if he paid him for it.    

 

Q.   Okay. 
So if Clemente paid for the house, you believe that your dad’s intention
was to give him the house.  Correct?

 

A.  
Well, yes. 

. 


            But Clemente
did not redact portions of the attached deposition pages which were excluded
from the bracketed excerpts.  As a
result, the reader was able to view the following excerpts of Silbiano’s
testimony:  

Q.   Okay. 
Now, so the Jewell property, there’s a down payment made, and then Mr.
Clemente Gonzales pay for the property—pays the down payment back on the
property.  Is that correct?

 

A.  
No. 

 

Q.  
Okay.  You said Mr. Clemente
Gonzales paid for the property.  Right?

 

A.  
Yes. 

 

Q.  
All right.  So how did he pay for
the property?

 

A.   The remainder of the mortgage, my dad said
they could pay the rent—pay it as rent. 
But he never paid the down payment. 

 

            .
. . .

 

A.   I didn’t say he was going to give him the
house; he was going to pay the mortgage. 

 

Q.  
Okay. 

A. 
That was his rent.  

 

Silbiano also testified that Felipe would help Clemente on
some payments related to the home.  

            There was no
indication that the court’s review should be limited only to the portions of
the deposition in brackets.  Rather, at
the beginning of his summary judgment motion, Clemente generally referenced the
entirety of Exhibit D.  He also included
one deposition page which did not contain any bracketed portions.  In other portions of the motion for summary
judgment, references were made to the deposition of Silbiano, such as “page/line
22:8; and attached as exhibit D.”  If
such a reference were taken to mean only the testimony on page 22 line 8 was
submitted it is: “[6]All right. And
is it true that Clemente . . .”  The fact
that parts of the deposition were marked with brackets does not necessarily
mean that only those portions are offered; conceivably the brackets were added
to call an emphasis to that portion of the testimony.   We consider all of Exhibit D in examining
whether the evidence was sufficient to entitle Clemente to summary judgment as
a matter of law. 

            The partial
summary judgment motion and the trial court’s summary judgment focused on the
claims for parol sale of land and adverse possession.  

            “Under the
doctrine of partial performance as applied to the statute of frauds, an oral
contract for the purchase of real property is enforceable if the purchaser: (1)
pays the consideration; (2) takes possession of the property; and (3) makes
permanent and valuable improvements on the property with the consent of the
seller, or, without such improvements, other facts are shown that would make
the transaction a fraud on the purchaser if the oral contract was not enforced.”  Boyert
v. Tauber, 834 S.W.2d 60, 63 (Tex. 1992) (citing Hooks v. Bridgewater,  229
S.W. 1114, 1116 (Tex. 1921)).  “These
steps are seen as sufficient evidence of the agreement because they provide
affirmative corroboration of the agreement by both parties to the agreement.”  Id. (citing
Hooks, 229 S.W. at 1116).  

            Silbiano was
never a party to any conversation between Clemente and his parents about the
Jewell property.  He admitted initially that
Clemente paid the full purchase price of the property.  Later, Silbiano testified that “he never paid
the down payment” and only “paid rent.”  Looking
at this evidence in the light most favorable to Silbiano, the testimony
suggests that although the amount of payments could have totaled the full
purchase price of the property, the payments could be classified as rental payments.  Also, Clemente was 

required
to do more than give evidence of the three elements required by Hooks v. Bridgewater to relieve a parol
sale of land from the Statute of Frauds. 
The conveyance itself must be proven, and its existence may not be inferred
solely from the existence of the three elements, especially since appellant
denies that any oral conveyance occurred and asserts that only a tenancy
existed.

 

Hines v. Taylor,
476 S.W.2d 81, 83 (Tex. Civ. App.—Houston [14th Dist.] 1971, no writ).  Silbiano testified (in a bracketed portion of
the testimony) that he “just kn[e]w [the property] wasn’t given to [Clemente].”  We find that the summary judgment evidence
created fact issues with regard to the parol sale of land.  

            Next, adverse
possession is the “actual and visible appropriation of real property, commenced
and continued under a claim of right that is inconsistent with and is hostile
to the claim of another person.”  Tex. Civ. Prac. & Rem. Code Ann. §
16.021(a) (West 2002). To prove adverse possession, a claimant must establish
six elements:  (1) actual possession of
the disputed property (2) that is open and notorious, (3) that is peaceable,
(4) under a claim of right, (5) that is adverse or hostile to the claim of the
owner, and (6) consistent and continuous for the duration of the statutory
period.  Glover v. Union Pac. R.R., 187 S.W.3d 201, 213 (Tex. App.—Texarkana
2006, pet. denied). 

            In
this case, the dispute centers upon the elements of open, notorious possession,
and hostility.  “Manifestation of adverse
possession under circumstances ‘must be so notorious that it is not susceptible
of explanation consistent with the existence of the landlord-tenant
relationship’” Dyer v. Cotton, 333 S.W.3d 703, 713 (Tex. App.—Houston
[1st Dist.] 2010, no pet.) (quoting Radford
v. Garza, 586 S.W.2d 656, 661 (Tex. Civ. App.—Corpus Christi 1979, no
writ)).  Silbiano testified Clemente was
making rental payments.  This created a
fact issue as to whether Clemente and his parents had a landlord-tenant
relationship.  In this summary judgment
context, once the possibility of “landlord-tenant relationship is established,
possession by the tenant will not be considered adverse to the owner . . . unless
and until (1) there is a repudiation of the relationship and the assertion of a
claim of right adverse to the owner, and (2) notice of such repudiation and
adverse claim is given to the owner.”   Radford, 586 S.W.2d at 661.  “If the rule were otherwise, it would be
extremely hazardous for an owner to enter into any landlord-tenant
relationship.”  Id.; Cleveland v. Hensley,
548 S.W.2d 473, 475 (Tex. Civ. App.—Texarkana 1977, no writ).   These
requirements were not addressed by the summary judgment evidence.  We find that the evidence does not
indisputably show a claim of exclusive title. 


            Because fact
issues precluded the entry of summary judgment, we sustain Silbiano and Jose’s
last point of error. 

IV.      Conclusion 

 

            We reverse the trial court’s
entry of summary judgment against Silbiano and Jose and remand for further
proceedings in accordance with this opinion. 

 

 

                                                                                    Jack
Carter

                                                                                    Justice

 

Date Submitted:          December
5, 2011       

Date Decided:             January
13, 2012











[1]Originally appealed to the Third Court of Appeals,
this case was transferred to this Court by the Texas Supreme Court pursuant to
its docket equalization efforts.  See Tex.
Gov’t Code Ann. § 73.001 (West 2005). 
We are unaware of any conflict between precedent of the Third Court of
Appeals and that of this Court on any relevant issue.  See
Tex. R. App. P. 41.3.

 





[2]The
probate court decided that an appointment of an administrator was not necessary
for the Estate of Marcos, who had died intestate in 1987 and had predeceased
her husband. 

 





[3]In
this appeal, no challenge was brought to the default judgment entered against
Felipe’s estate.  Silbiano and Jose only
list themselves as appellants in this cause. 






[4]Clemente’s
counsel clarified, in a hearing before the court “there are three
Defendants.  Essentially—technically
there were four at one point.”  

 





[5]Moreover,
Marcos and Jose were both listed on the deed to the property, Marcos passed
intestate, and her community property would have passed to Felipe.  Tex.
Probate Code Ann. § 45 (West 2003). 





[6]Other
similar references were to “page/line 24:7, and attached as Exhibit D.”  If page 24 line 7 only was to be the offer it
would read:  Q. “The same thing applies
to the Jewell . . .”