

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-11-00077-CV

_____


SILBIANO M. GONZALES AND JOSE M. GONZALES AND THE
ESTATE OF FELIPE GONZALES BY AND THROUGH
ESTATE REPRESENTATIVE SILBIANO GONZALES
AND ESTATE OF MARCOS GONZALES BY AND
THROUGH ESTATE REPRESENTATIVE
SILBIANO GONZALES, Appellants

V.

CLEMENTE GONZALES, Appellee



On Appeal from the 201st Judicial District Court
Travis County, Texas
Trial Court No. D-1-GN-10-002580



Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Justice Carter

MEMORANDUM OPINION

A residential lot containing a home with the street address of 917 Jewell, Austin, Texas 78704[1] (the property) was purchased by Felipe and Marcos Gonzales in 1970. Marcos died in 1987 and Felipe died intestate in 2008. They had six living children at the time of Felipe's death including Clemente, Silbiano, Candelario, Jose, Juan, and Francisco. Clemente claims that his parents purchased the property for him and transferred the property orally. In support, Clemente swore that his parents never lived on the property, that he moved onto the property in 1970, lived there continuously, paid the mortgage, and paid all property taxes.

In June 2010, Silbiano and Jose filed applications for letters of administration in Travis County probate court, along with an application to determine heirship. By virtue of the determination of heirship, awarding each living child a 1/6 interest in Felipe's estate, Silbiano and Jose began to assert an interest in the property. The other children executed a quitclaim deed to the property in favor of Clemente.

In July 2010, Clemente filed a declaratory judgment action seeking to quiet title to property against Silbiano; Jose; the Estate of Felipe Gonzales by and through Silbiano, the Estate Representative; and the Estate of Marcos Gonzales by and through Silbiano, the Estate

---

[1] Originally appealed to the Third Court of Appeals, this case was transferred to this Court by the Texas Supreme Court pursuant to its docket equalization efforts. *See* TEX. GOV'T CODE ANN. § 73.001 (West 2005). We are unaware of any conflict between precedent of the Third Court of Appeals and that of this Court on any relevant issue. *See* TEX. R. APP. P. 41.3.

2

Representative.[2]  Clemente asserted title by gift, parol sale, adverse possession, and by "circumstantial evidence."  Silbiano and Jose generally denied the allegations in Clemente's petition.

Clemente filed a motion for partial summary judgment on the claims of parol sale of land and adverse possession against all defendants.  There was no response to the motion for summary judgment.  The trial court granted summary judgment in Clemente's favor.  Also, because no answer was filed by the Estate of Felipe Gonzales, the trial court entered a default judgment in Clemente's favor against the estate.

Silbiano and Jose appeal[3] the trial court's grant of the partial motion for summary judgment.  They contend that the "trial court erred when it allowed a collateral attack on a probate judgment," that the court erred in entering a final judgment because "there is no judgment in the record disposing of the Estate of Marcos Gonzales," and erred in granting summary judgment because there were issues of material fact precluding recovery on the parol sale of land and adverse possession claims.  We find the issue of collateral attack inadequately briefed and conclude no judgment against the estate of Marcos was necessary to make the court's summary judgment an appealable order.  However, because we find that fact issues were created by deposition excerpts

[2]The probate court decided that an appointment of an administrator was not necessary for the Estate of Marcos, who had died intestate in 1987 and had predeceased her husband.

[3]In this appeal, no challenge was brought to the default judgment entered against Felipe's estate.  Silbiano and Jose only list themselves as appellants in this cause.

attached by Clemente to his summary judgment motion, we reverse the trial court's summary judgment and remand the case for further proceedings in accordance with this opinion.

## I. Issue Complaining of Alleged Collateral Attack Is Inadequately Briefed

Silbiano and Jose contend the trial court erred in allowing a collateral attack upon the probate judgment, which was merely a determination of heirship. Their entire argument is included below:

> There was a judgment in the probate court, the same parties were parties to the probate action, and the issue of ownership of the real property in question could have been raised in the first suit. Appellees [sic] in the trial court seek to attack the issue of ownership so the property they claim ownership of falls out of the purview of the probate judgment after the judgment was rendered. The Court should reverse and render a judgment of dismissal with prejudice as to all issues and all parties.

Rule 38.1(i) requires that a brief contain "a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record." TEX. R. APP. P. 38.1(i). Bare assertions of error, without argument or authority, waive error. *Enbridge Pipeline (East Tex.) L.P. v. Avinger Timber, L.L.C.*, 326 S.W.3d 390, 414 (Tex. App.—Texarkana 2010, pet. filed); *see Fredonia State Bank v. Gen. Am. Life Ins. Co.*, 881 S.W.2d 279, 284–85 (Tex. 1994) (discussing "long-standing rule" that point may be waived due to inadequate briefing).

Silbiano and Jose's argument wholly fails to comply with the requirements of Texas Rule of Appellate Procedure 38.1(i). They have waived this point, and we decline to address it. We overrule their first point of error.

4

## II.       The Trial Court's Judgment Was Final

Silbiano and Jose complain that no final judgment can be entered since "[t]here is still one defendant outstanding, The Estate of Marcos Gonzales." We have previously stated, "It has long been settled that the 'estate' of a decedent is not a legal entity and may not sue or be sued as such." *Miller v. Estate of Self*, 113 S.W.3d 554, 556 (Tex. App.—Texarkana 2003, no pet.) (citing *Price v. Estate of Anderson*, 522 S.W.2d 690, 691 (Tex. 1975)). "A suit seeking to establish the liability of an estate should be filed against the personal representative or, in certain circumstances, the heirs or beneficiaries." *Id.*

Suit against Marcos' estate was brought through Silbiano as the personal representative of the estate. However, the probate court decided no administration of this estate was necessary, and service on behalf of the estate could not be accomplished through Silbiano. As Silbiano and Jose were only served on behalf of the estate of Felipe and in their individual capacity, the estate of Marcos was not properly served with the suit, and Clemente did not choose to sue the heirs of Marcos' estate or otherwise exhibit an intent[4] to do so.[5] Thus, the estate of Marcos was not properly before the court.

In these circumstances, a judgment which disposes of all named parties except one who had never been served and did not answer is final for purposes of appeal and "stands as if there had

---

[4]Clemente's counsel clarified, in a hearing before the court "there are three Defendants. Essentially—technically there were four at one point."

[5]Moreover, Marcos and Jose were both listed on the deed to the property, Marcos passed intestate, and her community property would have passed to Felipe. TEX. PROBATE CODE ANN. § 45 (West 2003).

5

been a discontinuance as to" that party. *M.O. Dental Lab v. Rape*, 139 S.W.3d 671, 674 (Tex. 2004) (quoting *Youngstown Sheet & Tube Co. v. Penn*, 363 S.W.2d 230, 232 (Tex. 1962)). We find the trial court's judgments finally disposed of all parties and issues properly before the court. This point of error is overruled.

## III. Genuine Issues of Material Fact Were Created by Summary Judgment Evidence

Silbiano and Jose failed to file a response to the motion for summary judgment and failed to plead any defense that would preclude summary judgment. Thus, the trial court granted Clemente's motion, specifying that Silbiano and Jose were "precluded from asserting any claim or right of title to the" property. Silbiano and Jose assert that material fact issues were created by the evidence Clemente attached to his motion. We agree.

We review de novo a trial court's summary judgment. *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005). In a traditional motion for summary judgment, the movant has the burden to show there is no genuine issue of material fact and it is entitled to judgment as a matter of law. *Nixon v. Mr. Prop. Mgmt. Co.*, 690 S.W.2d 546, 548 (Tex. 1985). Thus, a nonmovant has no burden to respond to a traditional motion for summary judgment unless the movant conclusively establishes each element of its cause of action as a matter of law. *Rhone–Poulenc, Inc. v. Steel*, 997 S.W.2d 217, 222–23 (Tex. 1999). The trial court may not grant summary judgment by default because the nonmovant did not respond to the summary judgment motion when the movant's summary judgment proof is legally insufficient. *Id.* at 223.

6

During our analysis of Clemente's traditional motion for summary judgment, and in deciding whether there is a disputed material fact issue which precludes summary judgment, proof favorable to Silbiano and Jose will be taken as true and every reasonable inference will be indulged in their favor. *Limestone Prods. Distrib., Inc. v. McNamara*, 71 S.W.3d 308, 311 (Tex. 2002); *Nixon*, 690 S.W.2d at 548–49 (Tex. 1985).

Attached to the motion was an affidavit filed by Clemente averring:

my parents . . . told me that the house was mine and they were giving it to me. At no time did Felipe Gonzales or Marcos Gonzales ever reside in the residence. On or about the 30th day of May, 1970, I moved into the home and I have resided there continuously, openly, and obviously since that date and I have paid my parents back all of the initial down payment, paid the mortgage payments, property taxes, and I have made valuable improvements on the property, such as replacing the roof twice, since 1970.

Clemente's motion for summary judgment also included "Deposition Excerpts from Silbiano Gonzales . . . as Exhibit D." The deposition pages contained brackets around certain portions of testimony. In these bracketed excerpts, Silbiano stated that he had no evidence that the property was not given to Clemente by his parents, admitted his knowledge that Clemente had paid the entire purchase price for the property, and had made valuable improvements thereon. He continued:

A. If—because I think what he wanted to do was to give Clemente the house.

Q. Okay.

A. But he didn't—you know, he had never really paid for it because it wasn't his.

7

Q. Okay.

A. He didn't have to pay for it.

Q. Okay. So you believe that it was your dad's intention to give him the house. Correct?

A. He—let's say he wanted to, if he paid him for it.

Q. Okay. So if Clemente paid for the house, you believe that your dad's intention was to give him the house. Correct?

A. Well, yes.
.

But Clemente did not redact portions of the attached deposition pages which were excluded

from the bracketed excerpts. As a result, the reader was able to view the following excerpts of

Silbiano's testimony:

Q. Okay. Now, so the Jewell property, there's a down payment made, and then Mr. Clemente Gonzales pay for the property—pays the down payment back on the property. Is that correct?

A. No.

Q. Okay. You said Mr. Clemente Gonzales paid for the property. Right?

A. Yes.

Q. All right. So how did he pay for the property?

A. The remainder of the mortgage, my dad said they could pay the rent—pay it as rent. But he never paid the down payment.

        . . . .

A. I didn't say he was going to give him the house; he was going to pay the mortgage.

8

Q. Okay.
A. That was his rent.

Silbiano also testified that Felipe would help Clemente on some payments related to the home.

There was no indication that the court's review should be limited only to the portions of the deposition in brackets. Rather, at the beginning of his summary judgment motion, Clemente generally referenced the entirety of Exhibit D. He also included one deposition page which did not contain any bracketed portions. In other portions of the motion for summary judgment, references were made to the deposition of Silbiano, such as "page/line 22:8; and attached as exhibit D." If such a reference were taken to mean only the testimony on page 22 line 8 was submitted it is: "[6]All right. And is it true that Clemente . . ." The fact that parts of the deposition were marked with brackets does not necessarily mean that only those portions are offered; conceivably the brackets were added to call an emphasis to that portion of the testimony. We consider all of Exhibit D in examining whether the evidence was sufficient to entitle Clemente to summary judgment as a matter of law.

The partial summary judgment motion and the trial court's summary judgment focused on the claims for parol sale of land and adverse possession.

"Under the doctrine of partial performance as applied to the statute of frauds, an oral contract for the purchase of real property is enforceable if the purchaser: (1) pays the

---

[6]Other similar references were to "page/line 24:7, and attached as Exhibit D." If page 24 line 7 only was to be the offer it would read: Q. "The same thing applies to the Jewell . . ."

consideration; (2) takes possession of the property; and (3) makes permanent and valuable improvements on the property with the consent of the seller, or, without such improvements, other facts are shown that would make the transaction a fraud on the purchaser if the oral contract was not enforced." *Boyert v. Tauber*, 834 S.W.2d 60, 63 (Tex. 1992) (citing *Hooks v. Bridgewater*, 229 S.W. 1114, 1116 (Tex. 1921)). "These steps are seen as sufficient evidence of the agreement because they provide affirmative corroboration of the agreement by both parties to the agreement." *Id.* (citing *Hooks*, 229 S.W. at 1116).

Silbiano was never a party to any conversation between Clemente and his parents about the Jewell property. He admitted initially that Clemente paid the full purchase price of the property. Later, Silbiano testified that "he never paid the down payment" and only "paid rent." Looking at this evidence in the light most favorable to Silbiano, the testimony suggests that although the amount of payments could have totaled the full purchase price of the property, the payments could be classified as rental payments. Also, Clemente was

> required to do more than give evidence of the three elements required by *Hooks v. Bridgewater* to relieve a parol sale of land from the Statute of Frauds. The conveyance itself must be proven, and its existence may not be inferred solely from the existence of the three elements, especially since appellant denies that any oral conveyance occurred and asserts that only a tenancy existed.

*Hines v. Taylor*, 476 S.W.2d 81, 83 (Tex. Civ. App.—Houston [14th Dist.] 1971, no writ). Silbiano testified (in a bracketed portion of the testimony) that he "just kn[e]w [the property] wasn't given to [Clemente]." We find that the summary judgment evidence created fact issues

10

with regard to the parol sale of land.

Next, adverse possession is the "actual and visible appropriation of real property, commenced and continued under a claim of right that is inconsistent with and is hostile to the claim of another person." TEX. CIV. PRAC. & REM. CODE ANN. § 16.021(a) (West 2002). To prove adverse possession, a claimant must establish six elements: (1) actual possession of the disputed property (2) that is open and notorious, (3) that is peaceable, (4) under a claim of right, (5) that is adverse or hostile to the claim of the owner, and (6) consistent and continuous for the duration of the statutory period. *Glover v. Union Pac. R.R.*, 187 S.W.3d 201, 213 (Tex. App.—Texarkana 2006, pet. denied).

In this case, the dispute centers upon the elements of open, notorious possession, and hostility. "Manifestation of adverse possession under circumstances 'must be so notorious that it is not susceptible of explanation consistent with the existence of the landlord-tenant relationship'" *Dyer v. Cotton*, 333 S.W.3d 703, 713 (Tex. App.—Houston [1st Dist.] 2010, no pet.) (quoting *Radford v. Garza*, 586 S.W.2d 656, 661 (Tex. Civ. App.—Corpus Christi 1979, no writ)). Silbiano testified Clemente was making rental payments. This created a fact issue as to whether Clemente and his parents had a landlord-tenant relationship. In this summary judgment context, once the possibility of "landlord-tenant relationship is established, possession by the tenant will not be considered adverse to the owner . . . unless and until (1) there is a repudiation of the relationship and the assertion of a claim of right adverse to the owner, and (2) notice of such

11

repudiation and adverse claim is given to the owner." *Radford*, 586 S.W.2d at 661. "If the rule were otherwise, it would be extremely hazardous for an owner to enter into any landlord-tenant relationship." *Id.*; *Cleveland v. Hensley*, 548 S.W.2d 473, 475 (Tex. Civ. App.—Texarkana 1977, no writ). These requirements were not addressed by the summary judgment evidence. We find that the evidence does not indisputably show a claim of exclusive title.

Because fact issues precluded the entry of summary judgment, we sustain Silbiano and Jose's last point of error.

## IV. Conclusion

We reverse the trial court's entry of summary judgment against Silbiano and Jose and remand for further proceedings in accordance with this opinion.

Jack Carter
Justice

Date Submitted: December 5, 2011
Date Decided: January 13, 2012

12